SEYFARTH SHAW LLP
Lawrence E. Butler (SBN 111043)
lbutler@seyarth.com
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
Sara Rogers (SBN 292316)
srogers@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Joseph J. Orzano (SBN 262040)
jorzano@seyfarth.com
Seaport East, Suite 300
Two Seaport Lane
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile:  (617) 946-4801

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3201
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
PHARMACARE U.S., INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT, DAMARIS LUCIANO, and ROB DOBBS individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation,<br><br>    Defendant. | Case No. 3:21-cv-00137-GPC-AGS<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PHARMACARE U.S., INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Jud. Officer:  Hon. Gonzalo P. Curiel<br>Courtroom Number:           2D<br>Date of Hearing:   October 15, 2021<br>Time of Hearing:           1:30 p.m. |

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................1

II.  ARGUMENT........................................................................................................1

    A.   Plaintiffs' Illegal Products Theory Fails for Lack of Statutory Standing........1

    B.   The FDCA Impliedly Preempts Plaintiffs' "Illegal Products" Theory...........3

    C.   The FDCA Expressly Preempts Plaintiffs' "Illegal Products" Theory Based on Purported Implied-Disease Claims. .........................................................4

    D.   Plaintiffs State Law Fraud Claims Fail to State Any Misrepresentation........5

    E.   Plaintiffs' Conclusions Are Not A Substitute For The Specific Factual Allegations Necessary To Satisfy Rule 9(b). .................................................6

    F.   Plaintiffs' Failure To Allege An Express Warranty on Which They Reasonably Relied Is Fatal To Their Express Warranty Claims. ...................7

    G.   Plaintiffs' Opposition Does Not Cure The Deficiencies In Their Implied Warranty Claims.............................................................................................8

    H.   The Infirmities In Their Pre-Suit Notification Warrant Dismissal of Plaintiffs' CLRA and M.G.L. 93A Claims. ...................................................10

III. CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Backus v. General Mills, Inc.*,
    122 F. Supp. 3d 909 (N.D. Cal. 2015) ............................................................... 2

*Benavides v. Kellogg Company*,
    2011 WL 13269720 (C.D. Cal., Mar. 21, 2011) ................................................ 9

*Bland v. Sequel Natural Ltd.*,
    2019 WL 4674337 (N.D. Cal., Aug. 2, 2019) .................................................... 9

*Bober v. Glaxo Wellcome PLC*,
    246 F. 3d 934 (7th Cir. 2001) ............................................................................ 6

*Borchenko v. L'Oreal*,
    389 F.Supp.3d 769 (C.D.Cal. 2019) .............................................................. 3, 4

*Brazil v. Dole,*
    2013 WL 5312418, at *8 (N.D. Cal. Sept. 23, 2013) ........................................ 2

*Brown v. Hain Celestial Grp., Inc.*,
    913 F. Supp. 2d 881 (N.D. Cal. 2012) ............................................................... 8

*Buckman Co. v. Plaintiffs' Legal Comm.*,
    531 U.S. 341 352-353 (2001) ........................................................................ 3, 8

*Buso v. ACH Food Companies, Inc.*,
    445 F. Supp. 3d 1033 (S.D. Cal. 2020) ............................................................. 5

*Dabish v. MusclePharm Corp.*,
    2016 U.S. Dist. LEXIS 191885 (S.D. Cal. Sept. 26, 2016) ........................... 2, 3

*De Keczer v. Tetley*,
    2014 WL 4288547 (N.D. Cal. Aug. 28, 2014) .................................................. 2

*Debernardis v. IQ Formulations*,
    942 F.3d 1076 (11th Cir. 2019) ......................................................................... 2

*Dvora v. Gen. Mills*,
    2011 WL 1897349 (C.D. Cal. May 16, 2011) ................................................... 7

*Faltermeier v. FCA US LLC*,
    2016 WL 4771100 (W.D. Mo., Sept. 13, 2016) ............................................................. 5

*Fraker v. KFC*,
    2007 WL 1296571 (S.D. Cal. Apr. 30, 2017) ............................................................... 4

*Franulovic v. Coca–Cola Co.*,
    390 Fed. Appx. 125 (3rd Cir. 2010) ............................................................................. 6

*Franz v. Beiersdorf*,
    745 Fed. Appx. 47 (9th Cir. 2018) (unpublished) ........................................................ 2

*Gallagher v. Bayer AG*,
    2015 WL 1056480 (N.D. Cal., Mar. 10, 2015) ............................................................ 5

*Glen Holly Entertainment, Inc. v. Tektronix Inc.*,
    343 F.3d 1000 (9th Cir. 2003) ...................................................................................... 5

*In re GNC Corp.*,
    789 F. 3d 505 (4th Cir. 2015) ....................................................................................... 6

*Gustavson v. Wrigley Sales Co.*,
    961 F. Supp. 2d 1100 (N.D. Cal. 2013) .................................................................... 2, 4

*Hawkins v. Kroger Co.*,
    906 F.3d 763 (9th Cir. 2018) ........................................................................................ 2

*Hirata Corp. v. J.B. Oxford & Co.*,
    193 F.R.D. 589 (S.D. Ind. 2000) .................................................................................. 7

*Hughes v. Ester C Co.*,
    930 F. Supp. 2d 439 (E.D.N.Y. 2013) ......................................................................... 6

*Isaac v. Ashley Furniture Industries, Inc.*,
    2017 WL 4684027 (D. Mass. 2017) ............................................................................. 5

*Jones v. Porsche Cars North America, Inc.*,
    2015 WL 11995257 (C.D. Cal., Oct. 15, 2015) ......................................................... 10

*Kanfer v. Pharmacare, Inc.*,
    142 F. Supp. 3d 1091 (S.D. Cal. 2015) .................................................................... 4, 5

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 7

*Kroessler v. CVS Health Corp.*,
   977 F.3d 803 (9th Cir. 2020) ........................................................................... 4, 5

*Kwan v. Sanmedica Intern.*,
   854 F. 3d 1088 (2017) ......................................................................................... 6

*Maneely v. General Motors Corp.*,
   108 F.3d 1176 (9th Cir. 1997) ............................................................................ 8

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) .............................................................................. 3

*McCann v. Jupina, Court*,
   2017 WL 1540719 (N.D. Cal. Apr. 28, 2017) .................................................... 7

*McCrary v. The Elations Co., LLC*,
   2013 WL 6402217 (C.D. Cal. Apr. 24, 2013) .................................................... 6

*In re Morning Song Bird Food Litig.*,
   2016 WL 6948596 (S.D. Cal. Sept. 29, 2016) ................................................... 2

*In re NJOY, Inc. Consumer Class Action Litigation*,
   2015 WL 12732461 (C.D. Cal., May 27, 2015) ................................................ 7

*Owen v. Gen. Motors*,
   533 F.3d 913 (8th Cir. 2008) .............................................................................. 7

*Parker v. Wal-Mart Stores, Inc.*,
   2019 WL 585331 (E.D. Mo. 2019) ..................................................................... 9

*Perez v. Nidek*,
   711 F.3d 1109 (9th Cir. 2013) ............................................................................ 3

*Pratt v. Whole Foods Market California, Inc.*,
   2014 WL 1324288 (N.D. Cal. Mar. 31, 2014) ................................................... 2

*Roper v. Big Heart Pet Brands, Inc.*,
   510 F. Supp. 3d 903 (E.D. Cal. 2020) ............................................................. 10

*Shay v. Apple Inc.*,
   __ F. Supp. 3d __, 2021 WL 75690 (S.D. Cal. 2021) .................................... 10

*Skinder-Strauss Associates v. Massachusetts Continuing Legal Educ., Inc.*,
   914 F. Supp. 665 (D. Mass. 1995) ..................................................................... 5

*Somers v. Beiersdorf, Inc.*,
 467 F.Supp.3d 934 (S.D.Cal. 2020) ................................................................................ 4

*Stanwood v. Mary Kay, Inc.*,
 941 F. Supp. 2d 1212 (C.D. Cal. 2012) ........................................................................... 7

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) ......................................................................................... 5

*Vicuna v. Alexia Foods, Inc.*,
 2012 WL 1497507 (N.D. Cal. Apr. 27, 2012) ................................................................ 8

*Walsh v. TelTech Systems, Inc.*,
 821 F.3d 155 (1st Cir. 2016) ........................................................................................... 7

*Warnshuis v. Bausch Health U.S., LLC*,
 2020 WL 7239588 (E.D. Cal., Dec. 9, 2020) .................................................................. 9

*Young v. Wells Fargo Bank, N.A.*,
 828 F.3d 26 (1st Cir. 2016) ............................................................................................. 2

*In re Zantac (Ranitidine) Prod. Liability Lit.*,
 2020 WL 7866674 (S.D. Fla. Dec. 31, 2020) .................................................................. 2

**California Cases**

*Medrazo v. Honda*,
 205 Cal. App. 4th 1 (2012) .............................................................................................. 2

*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*,
 78 Cal. App. 4th 847 (2000) ............................................................................................ 9

**Other State Cases**

*Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc.*,
 396 Mass. 818, 489 N.E.2d 172 (Mass. 1986) ................................................................ 8

*Casavant v. Norwegian Cruise Line Ltd.*,
 460 Mass. 500 (2011) .................................................................................................... 10

*Stefl v. Medtronic, Inc.*,
 916 S.W.2d 879 (Mo. Ct. App. 1996) ............................................................................. 8

**Federal Statutes**

21 U.S.C.
 § 321(ff) ..................................................................................................8
 § 343(r)(6)(A) .........................................................................................4

**California Statutes**

Cal. Com. Code
 §§ 2314-15 ..............................................................................................9

**Other State Statutes**

M.G.L.A. 106
 §§ 2-314-315 ...........................................................................................9

MGL 93A ...................................................................................... 2, 6, 10

Mo. Ann. Stat.
 § 407.025 .................................................................................................5

**Other Authorities**

65 Fed. Reg. 1000 at 1028 .........................................................................4

65 Fed. Reg. 1000 at 1028-1029 ...............................................................4

## I. INTRODUCTION

Plaintiffs' Opposition attempts to evade scrutiny of the largely unchanged allegations in the FAC through obfuscation. In a brief moment of clarity in the Opposition, however, Plaintiffs acknowledge what is clear from the FAC—that this case is nothing more than an attempt privately to enforce the FDCA and, specifically, its 75-day premarket notification requirement. (Dkt. 37 at 1:21-24). This case is **not** about an unsafe product or a product that did not work as advertised. Nor is it about an alleged promise of "legality." Plaintiffs do not plausibly allege any of those things. Instead, this case is about enforcing FDCA requirements and nothing else. Plaintiffs' theory that because Products are "illegal" and violate state consumer protection laws, however, is foreclosed by well-settled principles of state statutory standing and federal preemption law.

The Opposition further confirms what is also clear from the FAC—this case is **not** about false advertising. While Plaintiffs allege they saw and relied on a handful of representations—none of which promise or guarantee "legality"—Plaintiffs never allege that any of those representations was untrue, let alone plead their purported deception with the requisite particularity mandated by Rule 9(b). Plaintiffs also fail to rebut the bases upon which their implied and express warranty claims fail. Plaintiffs' failure to properly allege the basic aspects of their false advertising and warranty claims mandates dismissal.

## II. ARGUMENT

### A. Plaintiffs' Illegal Products Theory Fails for Lack of Statutory Standing.

Plaintiffs mischaracterize their "illegal" products theory to avoid dismissal. Plaintiffs do not plausibly allege their reliance on a promise of "legality." Nor do they allege the Products were unsafe, or that they did not work as represented. Rather, Plaintiffs allege only that Pharmacare's sale of its Products was illegal because it allegedly did not submit a premarket notice under the FDCA. (*See, e.g.,* Dkt. 31, ¶¶ 85, 93, 100; *see also* Dkt. 37 at 7:9-15). Courts consistently dismiss **this** theory as alleged by Plaintiffs here. (*See* Dkt. 35-1 at 5-6 (citing cases)).

Plaintiffs fail to cite any contrary controlling or even persuasive case law. In *Dabish v. Brand New Energy*, the Court did not consider whether plaintiff had standing to pursue an illegal

1  products theory. 2016 WL 7048319, *3 (S.D. Cal. Dec. 5, 2016). *Backus v. General Mills, Inc.*
2  is inapposite because the plaintiff there alleged physical injury from an unsafe **and** illegal
3  product. 122 F. Supp. 3d 909, 920 (N.D. Cal. 2015). *Hawkins v. Kroger Co.* is also inapposite
4  because the plaintiff "adequately alleged that she relied on the label's misrepresentations and
5  would not have purchased [the products]…without those misrepresentations." 906 F.3d 763 (9th
6  Cir. 2018). Likewise, the plaintiff in *Gustavson v. Wrigley Sales Co.* also alleged her reliance
7  on defendants' misrepresentations. 961 F. Supp. 2d 1100, 1129-30 (N.D. Cal. 2013). A ***week***
8  ***later*,** the same Court decided *Brazil v. Dole*, in which it held that an illegal products theory is
9  "inconsistent with the enhanced standing requirements for UCL claims imposed by Prop[.] 64
10 and…*Kwikset*." 2013 WL 5312418, at *8 (N.D. Cal. Sept. 23, 2013).

11       Plaintiffs' remaining support is also unpersuasive. *Franz v. Beiersdorf*, 745 Fed. Appx.
12 47 (9th Cir. 2018) (unpublished) relied on *Medrazo v. Honda*, 205 Cal. App. 4th 1 (2012),
13 which has been criticized for not adequately considering actual reliance as an element of
14 plaintiffs' claims. *See, e.g., Pratt v. Whole Foods Market California, Inc.*, 2014 WL 1324288,
15 at *8 (N.D. Cal. Mar. 31, 2014); *De Keczer v. Tetley*, 2014 WL 4288547, at *8 (N.D. Cal.
16 Aug. 28, 2014). *Debernardis v. IQ Formulations*, does not aid Plaintiffs either, as it involved
17 only Article III standing and was limited to its specific facts. 942 F.3d 1076, 1080, 1085,
18 1088 (11th Cir. 2019); *compare In re Zantac (Ranitidine) Prod. Liability Lit.*, 2020 WL
19 7866674, at *21 (S.D. Fla. Dec. 31, 2020) (refusing to extend *Debernardis* to different facts).

20       Plaintiffs also fail to recognize the causation requirements of their MGL 93A and
21 MMPA claims. MGL 93A requires pleading acts showing that "the violation of the legal
22 right that has created the unfair or deceptive act or practice…cause[d] the consumer…[a]
23 separate, identifiable harm arising from the violation itself." *Young v. Wells Fargo Bank,*
24 *N.A.*, 828 F.3d 26, 35 (1st Cir. 2016).  The MMPA likewise "require[s] a causal nexus
25 between a defendant's wrongful conduct and the plaintiff's injuries." *In re Morning Song*
26 *Bird Food Litig.*, 2016 WL 6948596, at *11 (S.D. Cal. Sept. 29, 2016). Plaintiffs do not
27 allege that any of the purported regulatory violations ***caused*** them to purchase a Product,
28 or that the alleged regulatory violations ***caused*** them any other harm apart from the

1 violation itself, which is insufficient. Plaintiffs' failure to address the warranty claims also
2 mandates their dismissal under the illegal products theory.

### B. The FDCA Impliedly Preempts Plaintiffs' "Illegal Products" Theory.

Plaintiffs' FAC contradicts their assertion in the Opposition that they sue only for violations of California law.[1] Plaintiffs allege and rely on Pharmacare's purported violations of FDCA and FDA regulations, and not any parallel state laws, to allege the purported "illegality" of the Products. (Dkt. 31, ¶¶ 22-69). In fact, Plaintiffs principally allege that Pharmacare did not comply with the FDCA's 75-day premarket notification provisions, which requirement has not been adopted in California. *See Dabish v. MusclePharm Corp.*, 2016 U.S. Dist. LEXIS 191885 * (S.D. Cal. Sept. 26, 2016) (dismissing as impliedly preempted illegal products theory based on failure to comply with 75-day premarket notification requirement; premarket notice requirement is an FDCA requirement not adopted by California courts).

Plaintiffs do not otherwise refer to state law to allege their Illegal Products theory. *See* Dkt. 31, ¶¶ 38-69 (alleging only violation of FDCA and FDA regulatory provisions). But even if they had, allegations of a parallel state law requirement alone are insufficient to avoid implied preemption. *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 352-353 (2001) (A claim is preempted where it is in substance (even if not in form) a claim for violating the FDCA); *Perez v. Nidek*, 711 F.3d 1109, 1119-1120 (9th Cir. 2013) (preemption applies where the state law claim "exists solely by virtue of the FDCA" or the "the existence of the[] federal enactments is a critical element in the[] case."); *see also Borchenko v. L'Oreal*, 389 F.Supp.3d 769, 773 (C.D.Cal. 2019) (state law claims impliedly preempted notwithstanding plaintiffs' identification of a parallel California requirement)[2];

---

[1] Luciano and Dobbs do not allege a violation of the state law applicable to their claims. *See, e.g.*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 590 (9th Cir. 2012) (each class member's consumer protection claim is governed by the laws of the jurisdiction in which the consumer resides and purchased the product).

[2] Numerous courts have applied *Buckman* and its progeny outside the medical device context. *See, e.g., Borchenko*, 389 F.Supp.3d at 773. Indeed, the sole case Plaintiffs cite to support their proposition that the medical device cases "have no bearing here" states that "the broad principles regarding preemption espoused in *Buckman* are relevant to the Court's analysis

*Fraker v. KFC*, 2007 WL 1296571, at *4 (S.D. Cal. Apr. 30, 2017) (finding state law claims impliedly preempted notwithstanding parallel state law requirement).

Plaintiffs' reliance on *Kroessler v. CVS Health Corp.*, and *Kanfer v. Pharmacare, Inc.* does not salvage its claims. *Kroessler*, for example, does not even involve an illegal products theory. 977 F.3d 803, 808 (9th Cir. 2020) ("Kroessler alleges that CVS violated California law by selling glucosamine-based supplements with false and misleading labels"). And, unlike here, *Kanfer's* complaint focused on a false advertising theory, and the court's implied preemption analysis was conclusory, failing to distinguish between a false advertising and illegal products theory. In any event, it is a district court opinion and not controlling.

### C. The FDCA Expressly Preempts Plaintiffs' "Illegal Products" Theory Based on Purported Implied-Disease Claims.

Plaintiffs do not dispute that their Illegal Products theory is expressly preempted to the extent they seek to impose a different standard for structure/function claims than those set forth in the FDCA and its implementing regulations. The FDA expressly recognizes Pharmacare's "support[] immunity" and "support[] the immune system" claims as permissible structure function claims. 65 Fed. Reg. 1000 at 1028-1029. Also, Pharmacare's "helps you…stay healthy" and "arms you with the best protection nature has to offer" claims cannot plausibly be construed as anything other than descriptions of general well-being from consumption of a dietary ingredient which is also recognized by FDA as a permissible structure/function claim. *See* 21 U.S.C. § 343(r)(6)(A). And none of the other statements on which Plaintiffs allegedly relied plausibly imply treatment or prevention of any *specific* disease or class of diseases. *See, e.g.,* 21 U.S.C. § 343(r)(6)(A); *see also* 65 Fed. Reg. 1000 at 1028 (distinguishing disease claims from structure/function claims).

Plaintiffs insistence that these and other representations that they neither saw nor relied on "independently and collectively, are implied disease claims," is unsupported.

---

[of food products] here." *Gustavson*, 961 F. Supp. 2d at 1118. Nor can *Borchenko* be distinguished as involving a request for injunctive relief. *See, e.g., Somers v. Beiersdorf, Inc.*, 467 F.Supp.3d 934, 939 (S.D.Cal. 2020) ("[T]he Court can find nothing in the *Borchenko* opinion that suggests the presence of injunctive relief was determinative").

4

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FAC

Although a court may consider evidence other than permitted structure/function claims to determine whether an implied disease claim is made, *Kroessler*, 977 F.3d 803 (9th Cir. 2020), Plaintiffs do not allege that they saw or relied on any statements other than those appearing on the Product, let alone allege facts establishing that any of these other representations plausibly imply treatment or prevention of a *specific* disease.[3]

### D. Plaintiffs' State Law Fraud Claims Fail to State Any Misrepresentation.

Nowhere in their Opposition do Plaintiffs identify any facts alleged in their FAC demonstrating that the representations on which they allegedly relied were false or likely to deceive a reasonable consumer—an essential element of their state consumer fraud claims.[4] Plaintiffs do not dispute that the FDCA specifically recognizes claims of "Immunity Support" as permissible structure claims. *Gallagher v. Bayer AG*, 2015 WL 1056480, at *7–8 (N.D. Cal., Mar. 10, 2015). Nor do they dispute that representations such as "helps you…stay healthy" and "arms you with the best protection nature has to offer," are permissible descriptions of general well-being and/or are non-actionable puffery. *See Glen Holly Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003); *Isaac v. Ashley Furniture Industries, Inc.*, 2017 WL 4684027, *1, *2 (D. Mass. 2017); *Faltermeier v. FCA US LLC*, 2016 WL 4771100, at *7 (W.D. Mo., Sept. 13, 2016).

Even so, Plaintiffs have alleged no viable theory of deception. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (Rule 9(b) requires a plaintiff to set forth what is false or misleading about a statement, and why it is false or misleading). Plaintiffs point to no facts establishing the Products do not "support" functions of the immune system,

---

[3] Plaintiffs fail to explain why the Court should reach the same result as in *Kanfer*. The *Kanfer* court considered different claims and held that plaintiff alleged that certain claims on which he relied were plausibly implied disease claims, which Plaintiffs do not do here. In fact, the *Kanfer* Court **dismissed** plaintiff's implied disease claims where they were based on permissible structure/function claims. *See Kanfer*, 142 F. Supp. 3d 1091 (S.D. Cal. 2015)at 1101142 F. Supp. 3d at 1101.

[4] *See Buso v. ACH Food Companies, Inc.*, 445 F. Supp. 3d 1033, 1037 (S.D. Cal. 2020); *Skinder-Strauss Associates v. Massachusetts Continuing Legal Educ., Inc.*, 914 F. Supp. 665, 682 (D. Mass. 1995); Mo. Ann. Stat. § 407.025.

nor "help" consumers "stay healthy." Nor do Plaintiffs point to any facts showing that the Products do not contain what a reasonable consumer would consider to be "high" antioxidant levels or that Sambucol was not developed by a virologist.[5]

Plaintiffs instead focus on defending their claim that Pharmacare's alleged violation of the FDCA, alone, is enough to plead state law consumer fraud claims. Yet, other than asserting "this case does not involve a 'simple regulatory violation,'" Plaintiffs offer no legal support for their "illegal" product theory of deception, nor competently distinguish those cases rejecting such theory. Plaintiffs also fail to defend their theory of deception based on Pharmacare's purported implied disease claims, in the face of the Product's *clear*, *conspicuous* and ***express*** disclaimer that: "This product is not intended to diagnose, treat, cure or prevent any disease." *See McCrary v. The Elations Co., LLC*, 2013 WL 6402217, at *4 (C.D. Cal. Apr. 24, 2013). Plaintiffs do not dispute their failure to allege facts showing that the Products did not provide the promised benefits. *See Kwan v. Sanmedica Intern.*, 854 F. 3d at 1091.

Because Plaintiffs have not alleged an actionable misrepresentation on which they relied, and their "illegal" products theory fails as a matter of law, the Court must dismiss Plaintiffs claims for violations of the UCL, FAL, CLRA, M.G.L. 93A, and the MMPA.

### E. Plaintiffs' Conclusions Are Not A Substitute For The Specific Factual Allegations Necessary To Satisfy Rule 9(b).

Although Plaintiffs admit that "the allegations in Plaintiffs' FAC have not substantially changed from those of the original complaint," (Dkt. 37, fn. 1), they still assert that the FAC satisfies Rule 9(b)'s particularity requirement because they have specified the representations on which they purportedly relied, and alleged a general and broad time period during which

---

[5] Plaintiffs do not address, and thus concede, that both Massachusetts and Missouri law prohibit consumer fraud claims based on alleged lack of substantiation. *See eHughes v. Ester C Co.*, 930 F. Supp. 2d 439, 458-460 (E.D.N.Y. 2013); *In re GNC Corp.*, 789 F. 3d 505, 516 (4th Cir. 2015); *Franulovic v. Coca–Cola Co*., 390 Fed. Appx. 125, 126-127 (3rd Cir. 2010); *Bober v. Glaxo Wellcome PLC*, 246 F. 3d 934, 939 (7th Cir. 2001). Thus, the court should dismiss Plaintiff's Massachusetts and Missouri claims based on lack of substantiation.

they were saw these representations.⁶ (*Id.* at 19:1-20:3). Plaintiffs gloss over their failure to plead facts establishing the **threshold** issue of falsity and deception, and ignore their failure to plead the specific factual details of their purported exposure to alleged misrepresentations on the Sambucol and Amazon websites, on television, and in Google advertising. *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125-1126 (9th Cir. 2009); *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1220 (C.D. Cal. 2012); *In re NJOY, Inc. Consumer Class Action Litigation*, 2015 WL 12732461, at *12-13 (C.D. Cal., May 27, 2015).

Plaintiffs claim instead that they meet Rule 9(b)'s requirements because they were exposed to the representations on the Product's packaging each time they purchased the Products. (Dkt. 37 at 19:7-12). Inasmuch as Plaintiffs appear to be limiting their exposure to the representations on each Product's packaging at the time of purchase, Plaintiffs concede that they were not exposed to, or relied on, any representations appearing on the Sambucol website, the Amazon website, on television, or in Google advertising. *See, Dvora v. Gen. Mills*, 2011 WL 1897349, at *8 (C.D. Cal. May 16, 2011); *Walsh v. TelTech Systems, Inc.*, 821 F.3d 155, 160 (1st Cir. 2016) ("A plaintiff's failure to establish both factual and proximate causation is fatal to her Chapter 93A claim"); *Owen v. Gen. Motors*, 533 F.3d 913, 922 (8th Cir. 2008) (dismissing MMPA claim because plaintiffs failed to prove causation). Because Plaintiffs have not plead factually and specifically that the representations on which they relied are false or misleading, the Court must dismiss Plaintiffs' state consumer fraud claims.

### F.  Plaintiffs' Failure To Allege An Express Warranty on Which They Reasonably Relied Is Fatal To Their Express Warranty Claims.

Plaintiffs do not dispute that in their FAC they do not identify any specific "affirmation of fact, promise or description of a good," alleged to constitute an express warranty that Pharmacare breached. (*See* Dkt. 31, ¶ 180). Instead, Plaintiffs now rely on

---

⁶ Plaintiffs cannot rest on their broad assertion that they were exposed to the alleged misrepresentations over a long period—again, over three years for Corbett; over one year for Luciano, and over nine months for Dobbs (FAC ¶¶ 81, 88, 97). *See Kearns*, 567 F.3d at 1126 (9th Cir. 2009); *McCann v. Jupina, Court*, 2017 WL 1540719, at *2 (N.D. Cal. Apr. 28, 2017); *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 598 (S.D. Ind. 2000).

their allegation that Pharmacare identifies its Products as a "Dietary Supplement" to argue that "[t]his promise on the [] Products' packaging constitutes an express warranty that the Products are a *legal* dietary supplement." (Dkt. 37, at 23:4-7). Even accepting this unplead claim, Plaintiffs ignore that identifying Products as a "dietary supplement" makes no express promise or guarantee of the Products' "legality."[7] *See Maneely v. General Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997); *Anthony's Pier Four, Inc. v. Crandall Dry Dock Engineers, Inc.*, 396 Mass. 818, 489 N.E.2d 172, 175 (Mass. 1986); *Stefl v. Medtronic, Inc.*, 916 S.W.2d 879, 883 (Mo. Ct. App. 1996). At best, identifying the Product as a "dietary supplement" is a description of the goods, and Plaintiffs nowhere allege that the Products do not meet the legal definition of a "dietary supplement."[8] *See* 21 U.S.C. § 321(ff).

Plaintiffs do not allege that they purchased the Products because Pharmacare warranted that they were "dietary supplements." (*See* Dkt. 31, ¶¶ 81, 84, 89, 92, 97, 100). Plaintiff's effectively concede that none of the express representations on the Product's labels on which they allegedly relied can reasonably be construed as affirmations of fact, or promises concerning the legality of the Products. Whether Plaintiffs believed that the Products "were legally sold supplements," is irrelevant to whether Pharmacare **expressly** promised or guaranteed their "legality."

### G. Plaintiffs' Opposition Does Not Cure The Deficiencies In Their Implied Warranty Claims.

---

[7] The term "dietary supplement" does not explicitly promise that the Elderberry Extract in the Products meets the legal definition of a dietary ingredient under the FDCA. (See Dkt. 37 at 23:14-19). Nor does it guarantee that the Products labeling conforms to all regulatory requirements. (See e.g. Dkt. 31, ¶¶ 182-183). Describing the Products as a "dietary supplement" is not, as Plaintiffs suggest, the same as representing that a cosmetic is "pure, natural and organic," when the product contains non-organic materials. *See Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012). Nor is it akin to representing that frozen potatoes are "all natural" when they clearly contain a synthetic ingredient. *See Vicuna v. Alexia Foods, Inc.*, 2012 WL 1497507 (N.D. Cal. Apr. 27, 2012).

[8] If the extract in the Products is not a "dietary ingredient" under the FDCA, then the Court should dismiss Plaintiffs' claims based on Pharmacare's purported violation of DSHEA's 75-day premarket notification requirements for "new dietary ingredients."

An implied warranty arises by operation of law, and inserts into contracts of sale a warranty that the goods are merchantable, and that they are fit for the particular purpose for which the buyer is purchasing the goods.[9] Cal. Com. Code §§2314-15; M.G.L.A. 106, §§2-314-315; Mo. St. 400.2-314-315. Here, merchantability has only two relevant meanings: (1) the goods must conform to the or affirmations of fact made on the label, and (2) the goods must be fit for the ordinary purpose for which they are used. (*See* Dkt. 31, at ¶¶ 190, 194, 196). Plaintiffs do not allege facts establishing a breach of either.

Nowhere in their FAC do Plaintiffs allege facts establishing that the Products failed to conform to any "promise or affirmation of fact" made on the Products' label. Nor, do Plaintiffs allege any facts establishing that the Products were not fit for the ordinary purposes for which the Products are used—*i.e.*, human consumption. In the absence of such allegations, Plaintiff has not alleged a breach of the implied warranty of merchantability. *See Parker v. Wal-Mart Stores, Inc.*, 2019 WL 585331, *4-5 (E.D. Mo. 2019) (dietary supplements that were fit for human consumption did not breach the implied warranty even where they did not perform as the buyer expected).

Plaintiffs' failure to allege that the Products are unfit for human consumption is fatal to their claimed exemption from the vertical privilege requirement under the California foodstuffs exception. Most courts hold that the exception applies only where a plaintiff is injured as a result of ingesting foodstuffs impliedly warranted to be suitable for human consumption. (*See* Dkt. 35-1 at 18:27-19:9 [collecting cases]). Even accepting that some Courts recognize the exception where plaintiffs suffered purely economic harm, (Dkt. 37, at 21:5-19), **no** court applied the exception absent an allegation that the Product is unfit for human consumption.[10]

---

[9] Plaintiffs do not allege Pharmacare's breach of the implied warranty of fitness for a particular purpose. *See* Dkt. 31, ¶ 188-199.

[10] *See e.g.*, *Warnshuis v. Bausch Health U.S., LLC*, 2020 WL 7239588, at *1 (E.D. Cal., Dec. 9, 2020) (nasal spray tainted with bacteria); *Bland v. Sequel Natural Ltd.*, 2019 WL 4674337, at *1 (N.D. Cal., Aug. 2, 2019) (protein powders and shakes containing of lead and cadmium); *Benavides v. Kellogg Company*, 2011 WL 13269720, at *8 (C.D. Cal., Mar.

Plaintiffs also ignore this Court's order that, "[w]hile courts are split on recognition of the third party beneficiary exception to the privity requirement, cases recognizing it require a plaintiff to show that he or she was a third-party beneficiary of a contract between the defendant and a third-party." (Dkt. 29 at p 19:4-14 (citing cases)). Although Plaintiffs claim that vertical privity rules are relaxed when "plaintiffs are the intended beneficiaries of a… product[] and they have relied upon the…labels or advertisements," they plainly misstate this rule. *See Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 924 (E.D. Cal. 2020) (vertical privity rule can be relaxed for implied warranty claims when manufacturer extends an express warranty and the consumer states a plausible claim for breach of express warranty). Plaintiffs bare allegation that they "were the intended…beneficiaries" of Pharmacare's "contracts with the authorized retailers" fails to plead this exception. *Shay v. Apple Inc.*, __ F. Supp. 3d __, 2021 WL 75690, at *8 (S.D. Cal. 2021).

### H. The Infirmities In Their Pre-Suit Notification Warrant Dismissal of Plaintiffs' CLRA and M.G.L. 93A Claims.

Plaintiffs essentially admit that their CLRA pre-suit notice to Defendant was inadequate, (Dkt. 37 at 24:21-26), and their reliance on *Jones v. Porsche Cars North America, Inc.*, 2015 WL 11995257 (C.D. Cal., Oct. 15, 2015) is misplaced given the facts of this case. Plaintiffs' Opposition is equally futile with respect to its MGL 93A Claims. While Luciano did send a notice letter, it was inadequate as a matter of law. *See* MGL 93A § 9(3); *Casavant v. Norwegian Cruise Line Ltd.*, 460 Mass. 500, 506, (2011).

## III. CONCLUSION

For the foregoing reasons, Pharmacare respectfully requests that the Court grant its motion to dismiss Plaintiffs' FAC in its entirety without leave to amend.

DATED: September 24, 2021                SEYFARTH SHAW LLP

By: */s/ Giovanna A. Ferrari*
Giovanna A. Ferrari
Attorneys for Defendant

75096237v.6

---

21, 2011) (food contaminated with Salmonella); *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal. App. 4th 847, 871 (2000) (almonds contaminated with wood splinters).