UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT, DAMARIS LUCIANO, and ROB DOBBS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No.: 21cv137-GPC(AGS)<br><br>**ORDER RE; PLAINTIFFS' MOTION FOR VOLUNTARY DIMISSAL OF PLAINTIFF DAMARIS LUCIANO WITHOUT PREJUDICE**<br><br>[Dkt. No. 59.] |

Before the Court is Plaintiffs' motion for voluntary dismissal of Plaintiff Damaris Luciano pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. No. 59.) Defendant filed an opposition to which Plaintiffs replied. (Dkt. Nos. 69, 73.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). Based on the reasoning below, the Court intends to GRANT Plaintiffs' motion for voluntary dismissal of Plaintiff Damaris Luciano without prejudice on the condition that she responds to discovery requests.

## BACKGROUND

On January 25, 2021, Plaintiffs Montiqueno Corbett ("Corbett"), Damaris Luciano ("Luciano") and Rob Dobbs ("Dobbs") (collectively "Plaintiffs") filed a putative class

1

action complaint against Defendant PharmaCare U.S., Inc. ("Defendant" or "PharmaCare") for violations of consumer fraud statutes for its sale of Sambucol, a dietary supplement that contains a proprietary extract of black elderberry. (Dkt. No. 1, Compl.)  On June 17, 2021, the Court granted in part and denied in part Defendant's motion to dismiss the complaint.  (Dkt. No. 29.)  On July 7, 2021, Plaintiffs filed a first amended putative class action complaint ("FAC").  (Dkt. No. 31, FAC.)  On October 19, 2021, the Court granted in part and denied in part Defendant's motion to dismiss the FAC.  (Dkt. No. 44.)  Specifically, the Court granted dismissal of California's Consumer Legal Remedies Act claim for damages and the cause of action under Mass. Gen. Law ch. 93A without prejudice for failing to comply with the notice provisions under both statutes.  (*Id.* at 38.)  After curing the deficiencies, the operative second amended putative class action complaint ("SAC") was filed on November 29, 2021.  (Dkt. No. 45.)  On December 13, 2021, Defendant filed its answer. (Dkt. No. 47.)

  The operative SAC alleges seven causes of action based on the alleged misleading labeling, advertising and sale of twelve dietary supplement products ("Products") under the name Sambucol for violations of 1) California's Unfair Competition Law ("UCL") pursuant to California Business & Professions Code section 17200 *et seq.* on behalf of a national class and the California subclass; 2) California's False Advertising Law ("FAL") under California Business & Profession Code section 17500 *et seq.* on behalf of the California subclass; 3) California's Consumer Legal Remedies Act ("CLRA") under California Civil Code section 1750 *et seq.* on behalf of the California subclass; 4) violations of Massachusetts General Laws Chapter 93A, section 2, Mass. Gen. Laws. Ch. 93A, § 2 ("M.G.L. ch. 93A"), on behalf of the Massachusetts subclass; 5) Missouri Merchandising Practices Act ("MMPA") pursuant to Mo. Ann. Stat. section 407.010 *et seq.* on behalf of the Missouri subclass; 6) breach of express warranties on behalf of a national class and the subclasses; and 7) breach of the implied warranty of merchantability on behalf of a national class and the subclasses.  (Dkt. No. 45, SAC.)  Plaintiff Corbett is a resident and citizen of San Diego, California, Plaintiff Luciano is a

resident and citizen of Holyoke, Massachusetts, and Plaintiff Dobbs is a resident and citizen of Florissant, Missouri. (*Id.* ¶¶ 14-16.) They all purchased certain of the Products at issue after being exposed to, saw and relied on Defendant's materially misleading representations on either the Products' packaging and labeling, on advertisements on T.V. or on websites. (*Id.* ¶¶ 80-102.) When they purchased the Products, they believed they were legally sold supplements and they all claim they experienced no improvement in their health after using the Products. (*Id.* ¶¶ 82, 83, 90, 91, 98, 99.) Plaintiffs seek to certify a national class defined as: "During the fullest period allowed by law, all persons in the United States who purchased the Products (the 'National Class') for personal use and not for resale." (*Id.* ¶ 103.) They also seek to certify a California, Massachusetts and Missouri subclass. (*Id.*)

A case management order was filed on January 26, 2022. (Dkt. No. 52.) On December 27, 2021, Defendant served the identical discovery requests to all Plaintiffs. (Dkt. No. 69-1, Ferrari Decl. ¶ 21; Dkt. No. 59-2, Soffin Decl. ¶ 2; Dkt. No. 73-1, Kashima Decl. ¶ 2.) Corbett and Dobbs timely responded to the discovery requests and sat for their depositions. (Dkt. No. 59-2, Soffin Decl. ¶ 4.) Despite a two-week extension stipulated by Defendant, Luciano did not provide any discovery responses by the February 9, 2022 deadline and has still not served any discovery responses; in addition, her counsel did not preserve her objections to Defendant's discovery requests. (Dkt. No. 69-1, Ferrari Decl. ¶ 22.) Defendant made repeated requests for Luciano's discovery responses. (*Id.* ¶ 26.) On February 24, 2022 Plaintiffs' counsel indicated she "will be filing a notice of voluntary dismissal . . . without prejudice." (*Id.*) However, because no dismissal was filed, on April 1, 2022, Defendant made a follow-up request. (*Id.* ¶ 27.) On April 7, 2022, Defendant sought a discovery conference with the Magistrate Judge. (*Id.* ¶ 28.)

On April 11, 2022, the parties filed a joint letter brief on Defendant's motion to compel Luciano to "(1) appear for a deposition before May 6, 2022; (2) serve, within 7 days, verified, written responses, without objections, to PharmaCare's first set of

interrogatories and first set of request for production; and (3) produce, within 10 days, all documents responsive to PharmaCare's first set of requests for production, without objection. (Dkt. No. 56 at 1.[1]) Defendant argued that Luciano failed timely to respond or object to PharmaCare's written discovery despite repeated follow-ups and failed to appear for a noticed deposition, and refuses to commit to any date for her deposition despite repeated follow-ups. (*Id.*) Even though Plaintiffs' counsel indicated that Luciano intended to file a voluntary dismissal, no request was ever made so Defendant filed the motion to compel after defense counsel made a final request on April 1, 2022. (*Id.*) in opposition, Plaintiffs explained that "Luciano has held more than one job at a time to financially care for her family since the inception of this litigation. Her current job working as a nightshift nurse (just one of her jobs), coupled with her parental responsibilities, only allow her to sleep four hours a night during her shifts. This has made it incredibly difficult for her to carry out her responsibilities as a class representative and to timely/regularly communicate with Plaintiffs' counsel." (*Id.* at 2.) "In February 2022, Plaintiffs' counsel informed Defendant that they had been unable to reach Ms. Luciano. However, in early March 2022, after multiple unproductive attempts to maintain regular contact, Ms. Luciano reemerged and expressed a renewed commitment to this litigation. Following that assurance, Ms. Luciano again became uncommunicative." (*Id.*) At the time, Plaintiffs' counsel contemplated filing a motion to withdraw as counsel. (*Id.*) On April 8, 2022, Plaintiffs' counsel was able to speak with Luciano where she agreed to dismiss her individual claims without prejudice so that she could participate as an absent class member. (*Id.* at 3.) Three minutes after the phone call, Plaintiffs' counsel informed defense counsel of their intent to dismiss Luciano from the action, without prejudice and requested Defendant's agreement to stipulate to a dismissal. Plaintiffs' counsel also informed defense counsel that while they understood

---

[1] Page numbers are based on the CM/ECF pagination.

Luciano's individual claims may be dismissed without prejudice, they anticipated taking steps to find a replacement representative but would meet and confer with defense counsel before seeking leave. (*Id.*) Defense counsel did not agree but instead sought to compel discovery of Luciano. (*Id.*) In a minute order of April 12, 2022, the Magistrate Judge ruled: "By April 25, 2022, Plaintiff Luciano must respond to all of defendants written discovery requests and provide a convenient deposition date to occur before May 6, 2022. Should Luciano move to dismiss her claims on or before April 25, 2022, this obligation will terminate without further Court order. No sanctions were imposed." (Dkt. No. 57.) Pursuant to the Magistrate Judge order, on April 25, 2022, Plaintiff Luciano filed a motion for voluntary dismissal seeking to withdraw from the case which is fully briefed. (Dkt. Nos. 59, 69, 73.)

## Discussion

### A. Federal Rule of Civil Procedure 41(a)(2)

Federal Rule of Civil Procedure ("Rule") 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). The district court has discretion on whether to grant a request for voluntary dismissal under Rule 41(a)(2). *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). In resolving a motion under Rule 41(a)(2), the Court must make three separate determinations: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005); *see* Fed. R. Civ. P. 41(a)(2).

### B. Whether to Allow Dismissal

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975; *Stevedoring Servs. of Am. v. Armilla Int'l., B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action

without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal."). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (1996)). "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Id.* (quoting *Westlands Water Dist.*, 100 F.3d at 96–97). Moreover, there is no plain legal prejudice where "the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Finally, the "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist.*, 100 F.3d at 97.

Instead, "prejudice" under Rule 41(a)(2) "focuses on the rights and defenses available to a defendant in future litigation" such as whether "dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense" or when "dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Westlands Water Dist.*, 100 F.3d at 97 (citations omitted). Finally, Rule 41 "does not consider the plaintiff's reasons for seeking a voluntary dismissal." *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) ("And, while it delineates the bases upon which the defendant may seek an involuntary dismissal, it does not consider the plaintiff's reasons for seeking a voluntary dismissal.").

Plaintiffs argue that communication with Luciano has been difficult due to her work and personal life, and therefore, she would not be an effective class representative. (Dkt. No. 59-1 at 6.) They argue that Defendant will not be prejudiced because the case is brought as a class action on behalf of a national class who purchased Defendant's Products for personal use, and even without Luciano, the case will proceed with the remaining Plaintiffs. (*Id.*) Even though Luciano serves as a class representative for the

Massachusetts State subclass, its claims are derivative of, and subsumed under the National Class. (*Id.* at 6.) Moreover, Plaintiffs seek to substitute a replacement plaintiff for the Massachusetts State subclass before class certification. (*Id.* n. 2.) Finally, Defendant has not yet incurred great expense because the case is still at a relatively early stage since no motion for class certification has been filed and Plaintiffs acted diligently in bringing the motion. (Id. at 6.)

Defendant responds that the only purpose of Luciano's request for voluntary dismissal without prejudice is to avoid discovery and her counsel's waiver of objections. (Dkt. No. 69 at 14.) Relying on *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996), Defendant argues it will suffer plain legal prejudice based on Luciano's refusal to respond to written discovery and appear for a deposition which forced Defendant to repeatedly follow up and obtain a court order compelling responses and her deposition. (Dkt. No. 69 at 14-15.) Defendant seems to suggest that Plaintiffs' bad faith litigation tactics constitute legal prejudice.

The Court disagrees. Defendant has not articulated any plain, legal prejudice it will suffer as articulated by Ninth Circuit authority. Moreover, the case of *In re Exxon Valdez* does not inform this case. That case involved the Exxon Valdex oil spill involving 339 individual actions in Alaska state court that was removed to the district court. *In re The Exxon Valdez*, 102 F.3d 429, 430 (9th Cir. 1996). The plaintiffs then moved to remand their cases to state court but the district court denied their motion and the plaintiffs appealed. *Id.* While the appeal was pending, the district court proceedings continued where the district court denied the appellants' motion to dismiss without prejudice under Rule 41(a)(2) seeking to pursue their claims as class members in pending class actions in state court. *Id.* at 431. However, the plaintiff filed their individual actions in state court after the state court class had been certified. *Id.* at 432. The Ninth Circuit found that the district court did not abuse its discretion in denying the appellants' motion to dismiss without prejudice because: 1) the motion to dismiss was a "thinly-veiled attempts to avoid discovery", 2) because the viability of the classes certified in

state court was problematic, the district court found that each plaintiff should remain a named plaintiff in at least one action to avoid the future need to refile the actions in the event of decertification, and 2) dismissal would cause defendants to be prejudiced because they had spent 2.5 years and substantial amount of money to obtain discovery. *Id*. at 432.

The instant case is not as complicated as the *In re Exxon Valdez* case and does not involve plain, legal prejudice as those stated by the district court.  Because Defendant has not pointed to any legal prejudice, or in other words, "prejudice to some legal interest, some legal claim, some legal argument," the Court concludes that dismissal is warranted.

**C.     Whether Dismissal Is With or Without Prejudice**

Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise.  Fed. R. Civ. P. 41(a)(2). "Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action."  *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd,* 72 F.3d 766 (9th Cir. 1995). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal."  *Williams v. Peralta Cmty. College Dist*., 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting *Burnette*, 828 F. Supp. at 1443-43).

Plaintiffs contend that dismissal should be without prejudice because Defendant has not incurred great expense because 1) the action is still in its early stages since class certification discovery is still ongoing and no motions have been filed, 2) Plaintiffs' counsel was diligent in bringing this matter to the attention of opposing counsel and seeking the requested relief, and 3) while she had every intention to litigate her case, her professional and personal obligations prevent her from being an adequate class

representative, (Dkt. No. 59-1 at 7-8.) Defendant responds that Luciano forced it to expend substantial effort and expense defending her claims over 18 months during the motion to dismiss stage, then she forced Defendant to repeatedly seek discovery responses and a date for a deposition, and ultimately forced Defendant to obtain a court order compelling her to provide discovery. (Dkt. No. 69 at 16.) This conduct also demonstrates the excessive delay and lack of diligence by Luciano in prosecuting the action. (*Id.*) Finally, Luciano's explanation is not credible. (*Id.*)

The Court concludes that the dismissal should be without prejudice. Defendant's efforts in defending the case and preparing for trial has not been substantial to date where discovery only recently began in January 2022. *See Arteris S.A.S. v. Sonics, Inc.,* No. C12-0434 SBA, 2013 WL 3052903, at *4 (N.D. Cal. June 17, 2013) (holding dismissal without prejudice appropriate even though defendants served and responded to numerous discovery requests, retained experts, traveled to Europe to depose witnesses, and spent hundreds of dollars preparing for trial, because there "ha[d] not been significant progress in the case"); *Beckett v. MACYSDSNB*, No. 11-CV-00246, 2012 WL 479593, at *3 (N.D. Cal. Feb. 14, 2012) ("True, discovery has closed; and, under the court's scheduling order, this case is set to proceed to trial in a matter of months. But, the record presented indicates that the timing of plaintiff's motion to dismiss, while not ideal, is not due to any fault of Beckett or his current attorneys."); *see also Burnette*, 828 F. Supp. at 1444 ("[I]t weighs in Plaintiffs' favor that the trial has not yet started and no pretrial motions were pending at the time the dismissal motion was filed."). While months were spent challenging the pleadings, these efforts do not concern Defendant's efforts and expense in preparing for trial. Defendant provides no caselaw that efforts and expenses in settling the pleadings should be considered on a Rule 41(a)(2) dismissal without prejudice. Second, there has not been excessive delay, at most a two-month delay, and Plaintiffs' counsel was diligently seeking to communicate with Luciano. In fact, Plaintiffs' counsel informed defense counsel back on February 1 and 9, 2022 of the difficulties of communication with Luciano due to her work and parental responsibilities and that

Plaintiffs' counsel was working on it and would report back to discuss next steps. (Dkt. No. 69-1, Ferrari Decl. ¶¶ 36, 37.) In the meantime, Plaintiffs Corbett and Dobbs were prosecuting the case and timely responded to Defendant's discovery requests and sat for their depositions. Once Luciano is dismissed, the case will proceed on track.

Finally, Luciano provides sufficient explanation why she seeks to dismiss her claims due to her personal and professional responsibilities that allows her to sleep only four hours a day. Besides an evidentiary objection[2] to Plaintiffs' counsel's declaration, Defendant provides no legal challenge to Luciano's reasons for dismissal.[3] Therefore, the factors support a dismissal without prejudice.

### D.  What Terms or Conditions, if any, Should be Imposed

Defendant contends that should Luciano be permitted to withdraw without prejudice, the Court should award Defendant all fees and costs related to litigating the case against Luciano and require her to respond to discovery requests and produce documents without objection. (Dkt. No. 69 at 17-19.) Plaintiffs disagree. (Dkt. No. 73 at 13-18.)

While a court can protect a defendant's interests by conditioning a Rule 41(a)(2) dismissal upon the payment of appropriate attorneys' fees and costs, the imposition of fees and costs as a condition for dismissing without prejudice is not required. *Westlands*

---

[2] Defendant filed objections to certain paragraphs of the declaration of Rachel Soffin, Plaintiffs' counsel who communicated with Luciano arguing hearsay and lack of foundation. (Dkt. No. 69-2.) Plaintiffs filed an opposition. (Dkt. No. 73-2.) While Defendant objects to the admissibility of certain paragraphs of the declaration, it does not appear to be disputed that Luciano had personal and professional responsibilities that is preventing her from performing her role as a class representative. (Dkt. No. 69-1, Ferrari Decl. ¶¶ 36, 37, 38.) Instead, Defendant appears to question whether her circumstances had changed since the inception of the case questioning whether she was a proper class representative when the original complaint was filed. (*Id.* ¶ 39.) However, that question is not a factor in determining whether dismissal should be granted under Rule 41(a)(2).

[3] In her declaration, defense counsel states that it was not until filing of the motion to dismiss did Luciano's counsel indicate that she had a "personal emergency." (Dkt. No. 69-1, Ferrari Decl. ¶ 42.) However, at the hearing on the discovery motion, Plaintiffs' counsel noted that they were unable to communicate with Luciano due to emergency medical procedure. (Dkt. No. 74 at Trans. Hearing at 5:12-13.) Defense counsel's alleged lack of knowledge as to the "personal emergency" is not credible.

*Water Dist.*, 100 F.3d at 97. Further, fees and costs should only be awarded for work which cannot be used in continuing or later litigation. *Id.; see also Koch v. Hankins*, 8 F.3d 650, 651 (9th Cir. 1993). Factors the courts generally consider in determining whether to award costs under Rule 41(a)(2) are "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Santa Rosa Mem'l Hosp. v. Kent*, 688 Fed. App'x 492, 494 (9th Cir. 2017) (quoting *Williams,* 227 F.R.D. at 540). The "merits of the plaintiff's case are also relevant." *Id.*

Plaintiffs argue that each of the factors supports them. They contend there will be no excessive and duplicative expenses of a second litigation as the case will continue with Plaintiffs Corbett and Dobbs, the case is in its early stages prior to class certification, Luciano's dismissal was not due to lack of diligence but due to personal and professional obligations and Defendant's efforts defending the case will not be wasted because the other two plaintiffs remain in the case. (Dkt. No. 59-1 at 10.) Defendant responds it would be subject to excessive and duplicative expenses of a second litigation because it incurred fees and costs challenging Luciano's pleadings which would be unnecessary in any subsequent litigation, it expended substantial effort and expenses defending her claims in motions to dismiss and if dismissed, there will be no claims for relief for the Massachusetts statute and subclass. (Dkt. No. 69 at 17-18.)

The Court disagrees with Defendant's characterization of the case as having "progressed substantially." (Dkt. No. 69 at 18.) Defendant has not demonstrated it has expended any significant expenses on discovery since it only began. Follow up emails seeking discovery responses do not constitute substantial expense. Moreover, the discovery motion could have been avoided had the parties meaningfully met and conferred on the issue of dismissal. To the extent that Defendant expended fees when it moved to dismiss the Massachusetts cause of action, it consisted of one page out of the twenty-five page brief which is not a significant amount of expense. (Dkt. No. 35-1 at

33-34.) Plaintiffs kept Defendant apprised of the communication issues with Luciano since February 1, 2022 and diligently sought to communicate with Luciano and diligently moved to dismiss once she agreed to voluntarily dismiss her claims.  Defendant has also not shown there will be excessive and duplicative litigation.  In sum, Defendant has not provided any reasons why dismissal should be conditioned on attorneys' fees and costs. *See e.g., Santa Rose Santa Rosa Mem'l Hosp.*, 688 Fed. App'x at 494 (district court did not abuse its discretion denying the payment of the Department's costs and fees as a condition precedent to the Plaintiffs' voluntary dismissal without prejudice even though there were duplicative expenses, and summary judgment motions due to the merit of the plaintiffs' claims).

Defendant also asks the Court to condition any dismissal without prejudice to Luciano providing full and complete discovery responses and production of documents without objection. (Dkt. No. 69 at 19-20.)  Defendant argues that her discovery responses could reveal whether individual questions exist as to whether each putative class member saw particular claims on packaging or in advertising and understands them in the manner alleged, and as to adequacy or inadequacy of her counsel by inquiring about her original ability to serve as a putative class representative and communications between her and counsel about her discovery requests and waiver of her objections.  (Dkt. No. 69 at 19-20.)  Plaintiff replies that dismissal should not be conditioned on Luciano's response to written discovery or the taking her deposition because once her claims are dismissed, she will become an absent class member and discovery from absent class members is ordinarily not allowed.  They also argue the Magistrate Judge already ruled that her discovery obligation will terminate if she moves to dismiss her claims by April 25, 2022, and discovery as to communications between Luciano and her counsel are irrelevant and involve privileged information.

The Court notes that Defendant only seeks discovery responses and the production of documents by Luciano, and not the deposition of Luciano; therefore, the Court only

rules on whether Plaintiffs should respond to written discovery requests and produce documents. (*See* Dkt. No. 69 at 19-20.)

Defendant's reliance on *Dysthe v. Basic Research, LLC,* 273 F.R.D. 625, 629-30 (C.D. Cal. 2011) is persuasive. In advance of the hearing on the plaintiff's motion to voluntarily dismiss without prejudice, the magistrate judge granted defendant's request to depose the plaintiff. The defendants claimed that plaintiff Hall had been a named plaintiff since the beginning of the case, the deposition was properly noticed, and his testimony was expected to be relevant to issues pertaining to class certification while the plaintiff argued that his testimony will not be relevant because the dismissal of his claims with prejudice means that Hall will "not even be a putative class member in this lawsuit." *Id.* at 627-628. The district court explained that since Hall was a named plaintiff who had not yet been dismissed, he was still subject to the discovery rules and because he purchased the product, he was properly subject to discovery as a named plaintiff. The court also explained that "Hall's unique status in this litigation provides a sufficient ground to justify his deposition even if, at some later date, he will no longer be a named plaintiff. Hall has been a named plaintiff since the filing of the original Complaint, through several amendments of the Complaint, and he did not move to dismiss his claims until after Plaintiffs filed their motion for class certification." *Id.*

In *Fraley*, while there was a pending motion to dismiss under Rule 41(a)(2) with the district judge, the magistrate judge denied the plaintiffs' motion for protective order to bar the deposition of Fraley. *Fraley v. Facebook Inc*., No. C 11–1726 LHK (PSG), 2012 WL 555071, at *3 (N.D. Cal. Feb. 12, 2021). The court disagreed with the plaintiffs' argument that Fraley's deposition was unnecessary because she will not be proffered as a class representative in Plaintiffs' upcoming motion for class certification explaining that the "fact that other named plaintiffs remain in the case does not render Fraley's testimony concerning her allegations to be any less relevant. If anything, the fact that Fraley may soon be dismissed from the lawsuit makes even more relevant Facebook's discovery into the basis for Fraley's allegations that will be a part of the

record in this case. Even if Fraley is dismissed from the case, the court may consider the relevance of her earlier testimony to Facebook's ongoing defense." *Id.* at *3.

In this case, discovery requests were propounded on Plaintiff in December 2021, before any intention to dismiss from the case. Contrary to Plaintiffs' argument, the Magistrate Judge was not presented this issue at the discovery hearing when he made his ruling; therefore, his ruling is not applicable to the Defendant's request. (*See* Dkt. No. 74.) Plaintiff Luciano still remains a class representative in this case and her claims are relevant to issues on class certification, particularly as to the Massachusetts subclass, which Plaintiffs assert they seek to find a substitute plaintiff. *See Opperman v. Path, Inc.*, Case No. 13-cv-00453-JST, 2015 WL 9311888, at * 3 (N.D. Cal. Dec. 22, 2015) ("The Court will grant Sandiford's request for voluntary dismissal upon the condition she further respond to the written discovery requests already propounded on her."). Plaintiffs have not provided any contrary legal authority that the Court should not condition dismissal on her response to discovery requests. Accordingly, the Court conditions dismissal of Plaintiff Luciano on her response to discovery requests and the production of documents.

To the extent the parties dispute what written discovery or production of documents should be permitted, the parties are directed to PROMPTLY notify the Magistrate Judge to rule on any discovery disputes.

## Conclusion

Based on the above, the Court gives Plaintiffs notice that it intends to grant Plaintiffs' motion for voluntary dismissals of Plaintiff Damaris Luciano's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on the condition that Luciano respond to pending discovery requests and produce documents on or before **August 19, 2022**. The parties will jointly notify the Court once Luciano has produced all requested discovery on or before **August 24, 2022**. Upon satisfying the condition, the Court will grant Plaintiffs' motion for voluntary dismissal of Plaintiff Damaris Luciano's

1  claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  The
2  hearing set on July 22, 2022 shall be **vacated**.
3        IT IS SO ORDERED.
4  Dated:  July 20, 2022

                                            Hon. Gonzalo P. Curiel
                                            United States District Judge