# EXHIBIT P

EX PAGE - 0879

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT, DAMARIS LUCIANO, and ROB DOBBS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation,<br><br>　　　　Defendant. | Civil Action No.: 3:21-cv-00137-GPC-AGS |

# SUPPLEMENTAL DECLARATION OF KEITH R. UGONE, PH.D.

## May 12, 2023

CONFIDENTIAL – FOR COUNSEL ONLY

EX PAGE - 0880

# SUPPLEMENTAL DECLARATION OF KEITH R. UGONE, PH.D.

## May 12, 2023

| | | |
|---|---|---|
| I. | OVERVIEW OF ASSIGNMENT | 1 |
| II. | SUMMARY OF OPINIONS | 2 |
| III. | FACTS, DATA, AND INFORMATION RECEIVED | 3 |
| IV. | SUMMARY OF NAMED PLAINTIFFS' EXPERTS' APRIL 24TH SUBMISSIONS | 3 |
| | A. Summary of the Dennis April 24th Report | 3 |
| | B. Summary of the Weir April 24th Declaration | 4 |
| V. | THE DENNIS APRIL 24TH REPORT DOES NOT CURE THE ISSUES I RAISED IN THE UGONE DECLARATION | 5 |
| VI. | THE THREE CHANGES DR. DENNIS MADE IN THE DENNIS APRIL 24TH REPORT DO NOT CURE THE ISSUES ASSOCIATED WITH THOSE PARTICULAR CONCEPTS | 6 |
| | A. Consolidation Of Two Alleged Misrepresentations | 6 |
| | B. "Dietary Supplement*" Claim | 7 |
| | C. Expansion Of Product Attribute Discussion | 9 |

CONFIDENTIAL – FOR COUNSEL ONLY

# SUPPLEMENTAL DECLARATION OF KEITH R. UGONE, PH.D.

## May 12, 2023

I, Keith R. Ugone, make the following declaration under penalty of perjury.

**I.  OVERVIEW OF ASSIGNMENT**

1. I am an economist and have been retained by counsel for PharmaCare, U.S., Inc. ("Defendant" or "PharmaCare") to offer my opinions regarding various economic and damages-related issues relevant to class certification in the matter of *Montiqueno Corbett, Damaris Luciano, and Rob Dobbs, individually and on behalf of all others similarly situated vs. PharmaCare, U.S., Inc.*

2. I previously authored a declaration (the "Ugone Declaration") signed April 24, 2023 wherein I provided my expert qualifications and my opinions on (a) the Declaration and Expert Report of J. Michael Dennis, Ph.D., dated March 22, 2023 and received on April 14, 2023 ("Dennis Report"), and (b) the Declaration of Colin B. Weir, dated March 22, 2023 ("Weir Declaration").

3. Relating to claimed damages issues, Plaintiffs have provided two additional submissions in support of class certification (both dated April 24, 2023).

   a. Dennis April 24th Report. On April 24, 2023, Dr. J. Michael Dennis submitted an additional report styled as a "supplemental" expert report ("Dennis April 24th Report") to the Dennis Report in support of class certification.[1] (I note that Dr. Dennis has *still* not performed a conjoint survey and/or associated market simulation to derive a claimed price premium.[2] I provide additional observations later in this declaration.)

---

[1] Rebuttal / Supplemental Expert Report of J. Michael Dennis, Ph.D., dated April 24, 2023 ("Dennis April 24th Report").

[2] *See also* Dennis Report, ¶ 22 (emphasis added):

> I understand that my price premium survey, *if conducted*, will be a source of data for Mr. Colin Weir, Plaintiffs' expert in economics, who I understand will be responsible for calculating economic damages. Mr.

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023

___

b. Weir April 24th Declaration. On April 24, 2023, Mr. Colin B. Weir submitted a declaration styled as a "supplemental" declaration ("Weir April 24th Declaration") to the Weir Declaration in support of class certification.[3] He also reaffirmed that Dr. Dennis' proposed conjoint survey methodology is reliable and he will rely upon the work of Dr. Dennis.[4]

4. I have been requested by counsel for PharmaCare to evaluate as appropriate the Dennis April 24th Report and the Weir April 24th Declaration.

## II. SUMMARY OF OPINIONS[5]

5. Nothing contained in either the Dennis April 24th Report or the Weir April 24th Declaration changes the opinions set forth in my original Ugone Declaration. In particular, I have reached the following conclusions.

a. The Dennis April 24th Report does not cure the issues I raised in the Ugone Declaration.

b. The three relevant changes Dr. Dennis made in the Dennis April 24th Report relating to my previous evaluation of the Dennis Report do not cure the issues associated with those particular concepts. (Explained later in this declaration.)

c. Because the Weir 24th Declaration simply reaffirms his previously claimed support of and reliance on Dr. Dennis' work, my previous observations relating to the Weir Declaration still hold.

6. Note that I criticized Dr. Dennis in the Ugone Declaration for not including certain types of information in the prior Dennis Report (that he now attempts to include). For example, I noted in the Ugone Declaration that there is not any indication in the Dennis Report that Dr. Dennis had conducted the following investigations.

___

Weir would calculate the amount of any economic damages suffered by class members that is specifically attributable to the [Considered] Representations.

The bracketed text is added for clarification. *See* Ugone Declaration ¶ 2, ¶ 5, and footnote 12 for my definitions of "Challenged Products", "Challenged Representations", "Considered Products", and "Considered Representations."

[3] Supplemental Declaration of Colin B. Weir, dated April 24, 2023 ("Weir April 24th Declaration").

[4] Weir April 24th Declaration, ¶ 4.

[5] This Summary of Opinions is intended to be an overview. A full description of my opinions is contained throughout this supplemental declaration.

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023

_____

   a. "Any additional investigation into [Defendant's] competitive products (including the claims made on the labeling of these competitive products)."[6]

   b. "Any additional investigation into other labeling claims that may influence a putative Class member's purchase decision."[7]

   c. "Any additional investigation into the prices associated with the Challenged Products."[8]

### III.  FACTS, DATA, AND INFORMATION RECEIVED

7.  In addition to the facts, data, and information I submitted previously as **Exhibit 3** of the Ugone Declaration, my analyses and opinions are based upon standard economic theory, my education and training, and the other considerations as outlined in the Ugone Declaration. The information I am relying upon is information typically relied upon by experts in my field. I reserve the ability to (a) review documents, deposition transcripts, expert reports, or other information (if any) still to be produced by the Parties to this dispute and (b) supplement my opinions based upon that review, if appropriate. I also reserve the ability to use demonstrative exhibits and/or other information at hearings/trial to explain and illustrate my opinions.

### IV.  SUMMARY OF NAMED PLAINTIFFS' EXPERTS' APRIL 24TH SUBMISSIONS

   A.  Summary of the Dennis April 24th Report

8.  With respect to the portion of the Dennis Report that I previously evaluated, Dr. Dennis furthers his opinions, specifically Section 8: The Proposed Price Premium Survey and Analysis.[9] While holding constant other variables of the proposed conjoint survey design

---

[6] Ugone Declaration, footnote 34. The competitive products include Nature's Way, Nature Made, Nature's Bounty, and Zarbee's Naturals (Ugone Declaration, ¶ 32, referencing Dennis Report, ¶¶ 97-98).

[7] Ugone Declaration, footnote 36.

[8] Ugone Declaration, footnote 37.

[9] Dennis April 24th Report, ¶ 46.

Case 3:21-cv-00137-JES-AHG   Document 174-18   Filed 07/28/23   PageID.15470
Page 7 of 13

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023
_____

as initially described in the Dennis Report, Dr. Dennis makes the following changes in the Dennis April 24th Report that I will comment on from an economic and damages quantification perspective.

a. Dr. Dennis proposes to consolidate "into a single claim two challenged claims ('Virologist Developed' and 'Developed by a World Renowned Virologist')."[10]

b. Dr. Dennis proposes to include a "Dietary Supplement*" claim that includes a disclosure that reads "*This Product cannot be legally sold as a Dietary Supplement."[11]

c. Dr. Dennis provides an elaboration to certain product attributes he proposes to use in his conjoint survey (i.e., competitor brands, price points, and distractor claims).[12]

**B.  Summary of the Weir April 24th Declaration**

9.  Mr. Weir states that he supports the Dennis 24th Report and continues to rely upon Dr. Dennis' opinions. In particular, Mr. Weir states the following.

> *Nothing in the Dennis Supplement causes me to change any of the opinions issued in the Weir Declaration, and I continue to believe*, that given "the methodology underlying Dennis' proposed conjoint survey […] *it is my opinion that Dr. Dennis' proposed conjoint survey is properly designed to measure the price premium paid due solely to the presence of the Claims on the Products*. The survey is especially economically suitable given Dennis' use of market based prices, and considerations given as to the fixed quantity of PharmaCare's Products sold that are part of the Class definition." *Nothing in the Dennis Supplement would change the potential for the survey results to serve as an economically reasonable input into my Price Premium Damages calculation.*[13]

---

[10] Dennis April 24th Report, ¶ 54.

[11] Dennis April 24th Report, ¶ 55. Dr. Dennis claims that the inclusion of the former will "enable a conjoint analysis to measure any decrease or increase in consumers' utilities resulting from the presence of the claim on a product alternative." Additionally, Dr. Dennis claims that the inclusion of both such a claim and the disclosure will "measure any decrease or increase in consumers' utilities resulting from the joint presence of the claim and disclosure on a product alternative."

[12] Dennis April 24th Report, ¶¶ 51, 54, and 56.

[13] Weir April 24th Declaration, ¶ 4 (emphasis added).

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023

___

### V. THE DENNIS APRIL 24ᵀᴴ REPORT DOES NOT CURE THE ISSUES I RAISED IN THE UGONE DECLARATION

10. None of Dr. Dennis' supplemental opinions or augmentations change the fundamental issues with his methodology: (1) an unchanged proposed willingness-to-pay methodology with improper consideration of supply-side factors (as identified by conjoint analysis literature) and (2) a proposed Class-wide damages calculation that disregards individualized inquiry that is an important consideration in this matter.

11. As supported by the literature presented in the Ugone Declaration, Dr. Dennis' proposed methodology will yield a willingness to pay measure rather than a difference in market prices related to the Considered Representations.[14] The opinions in the Dennis April 24ᵗʰ Report do not change the fact that Dr. Dennis' methodology does not appropriately consider supply-side factors (a statement supported by the literature on the subject) which does not allow it to estimate a change in market price. As a result, his methodology will yield a measure of willingness-to-pay associated with the Considered Representations that may overstate differences in market prices or identify differences where none may exist.

12. The Dennis April 24ᵗʰ Report also does not change my opinion that, in this matter, determining whether and the extent to which putative Class members experienced claimed economic harm requires individualized inquiry.[15] The existence of varying forms and package sizes suggests that customers have varying preferences and consumer demands. Further, prices vary by form, package size, and retailer, and some customers may have

___

[14] Ugone Declaration, § X.A. and X.C.

[15] Ugone Declaration, § IX.

CONFIDENTIAL – FOR COUNSEL ONLY

Case 3:21-cv-00137-JES-AHG   Document 174-18   Filed 07/28/23   PageID.15472
Page 9 of 13

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023
_____

purchased products at expedited or discounted prices.[16] All of these issues are discussed in detail in the Ugone Declaration and have not been addressed in the Dennis April 24th Report. All of these issues (and facts) lead me to conclude that a Class-wide common proof damages calculation is inappropriate in this context.

## VI. THE THREE CHANGES DR. DENNIS MADE IN THE DENNIS APRIL 24TH REPORT DO NOT CURE THE ISSUES ASSOCIATED WITH THOSE PARTICULAR CONCEPTS

13. None of the modifications Dr. Dennis has made in his description of his proposed conjoint survey in the Dennis April 24th Report change the issues associated with the particular concepts that I evaluated in the Ugone Declaration. In no particular order, Dr. Dennis proposes to consolidate two alleged misrepresentations into one,[17] include claims related to the product being sold as a "Dietary Supplement,"[18] and more precisely define certain survey parameters, including product attributes.[19]

### A. Consolidation Of Two Alleged Misrepresentations

14. Dr. Dennis proposes to combine two alleged misrepresentations ("Virologist Developed" and "Developed by a World Renowned Virologist") into one that is simply "Virologist

---

[16] *See* **Exhibits 6-12** of the Ugone Declaration; Ugone Declaration, ¶ 84. *See also* Ugone Declaration, § IX.A-IX.C. In the remaining Section IX of the Ugone Declaration, I discuss additional variables that explain why determination of claimed economic injury and damages as a result of the Challenged Representations requires individual inquiry, including prices varied by retailer and discounted and expedited prices.

[17] Dennis April 24th Report, ¶ 54.

[18] Dennis April 24th Report, ¶ 55. Dr. Dennis claims that the inclusion of the former will "enable a conjoint analysis to measure any decrease or increase in consumers' utilities resulting from the presence of the claim on a product alternative." Additionally, Dr. Dennis claims that the inclusion of both such a claim and the disclosure will "measure any decrease or increase in consumers' utilities resulting from the joint presence of the claim and disclosure on a product alternative."

[19] Dennis April 24th Report, ¶¶ 51, 54, and 56.

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023
_____

Developed."[20] Dr. Dennis claims this approach will "conserve an attribute in the conjoint design and to avoid the potential of focalism bias in the survey by having two of the 15 tested claims regarding the same substantive concept."[21] However, as **Exhibit 13** in the Ugone Declaration demonstrates, some of the Challenged Products included both of these representations, some contained only one, and others contained neither. Also, each of the Named Plaintiffs allege that they relied upon only one of the two representations which Dennis seeks to combine.[22] Therefore, from an economic and damages quantification perspective, it is not appropriate for Dr. Dennis to combine these two representations into one. Further, the aforementioned variation in asserted claims across products supports my opinion that determining whether and the extent to which putative Class members experienced claimed economic harm requires individualized inquiry. Different putative Class members may have purchased Challenged Products with different representations, and at different prices, and as such the economic damages cannot be calculated with Class-wide common proof − or in this instance, consolidating two Challenged Representations into one.

### B. "Dietary Supplement*" Claim

15. Dr. Dennis proposes to potentially include the "Dietary Supplement*" claim and the disclosure "*This Product cannot be legally sold as a Dietary Supplement" to measure a

---

[20] Dennis April 24th Report, ¶ 53. While Dr. Dennis does not explicitly state the single claim resulting from the combination of the two, his example provided in ¶ 52 of the Dennis April 24th Report implies that it will be "Virologist Developed."

[21] Dennis April 24th Report, ¶ 54.

[22] Second Amended Complaint, ¶¶ 81 and 97 (Mr. Corbett alleges he relied upon "developed by a virologist" and Mr. Dobbs alleges he relied upon "developed by a world renowned virologist").

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023
_____

decrease or increase in consumers' utilities resulting from either or both inclusions.[23] Dr. Dennis provided the following explanation in the Dennis April 24th Report.

> The same conjoint survey will also measure the extent to which, if any, consumers overpaid for the Products as a result of (i) the Defendant's use of the Dietary Supplement representation and (ii) the Defendant's omission of the disclosure ("This Product cannot be legally sold as a Dietary Supplement" or an alternative disclosure approved by the Court). Alternatively, if so instructed by the Court, my conjoint design can be modified to measure only the price premia, if any, attributable to the challenged representations (and not measure any economic loss resulting from the Defendant's omission of any disclosure).[24]

Based upon this explanation, it appears Dr. Dennis will do one of the following.

a. Measure the claimed impact of the Dietary Supplement representation and the claimed omission specified as "This Product cannot be legally sold as a Dietary Supplement."

b. Measure the claimed impact of the Dietary Supplement representation and the claimed omission based upon an undefined and to-be-identified alternative phraseology.

c. Not measure the impact of the claimed omission.

In Dr. Dennis' apparent attempt to maintain flexibility, he has created uncertainty surrounding the analysis he might perform with respect to the Dietary Supplement issue. From an economic and damages quantification perspective, Dr. Dennis' description does not provide the specificity needed to evaluate whether the approach ultimately taken will be appropriate for quantifying the harm to the putative Class on a Class-wide basis using common proof that has a nexus to the Named Plaintiffs' theory of liability. In fact, by stating that he could use an alternative phraseology chosen by the court seems an admission

---

[23] Dennis April 24th Report, ¶ 55. Dr. Dennis claims that the inclusion of "Dietary Supplement" will "enable a conjoint analysis to measure any decrease or increase in consumers' utilities resulting from the presence of the claim on a product alternative." Additionally, Dr. Dennis claims that the inclusion of both "Dietary Supplement*" and the disclosure will "measure any decrease or increase in consumers' utilities resulting from the joint presence of the claim and disclosure on a product alternative."

[24] Dennis April 24th Report, ¶ 48.

Supplemental Declaration of Keith R. Ugone, Ph.D.
May 12, 2023

___

that the attribute choice "This Product cannot be legally sold as a Dietary Supplement" may be inappropriate as a basis for evaluating claimed damages.

### C. Expansion Of Product Attribute Discussion

16. Dr. Dennis expands his discussion of certain product attributes he proposes to include in his conjoint survey, including competitor brands, price points, and "distractor" claims for the featured product of Sambucol Black Elderberry Syrup, 4.0 fl. oz.[25]  In doing so, Dr. Dennis clarifies the assumption, as previously described in the Dennis Report,[26] that "the respondents are to assume that all the available products are the same in terms of form (e.g., syrup versus tablets versus gummies) and in the number of servings."[27]  This expanded discussion does not correctly address the need for individualized inquiry and the different demands that exist for the Challenged Products.  As I stated in the Ugone Declaration, the presence of different package sizes, forms, and prices (aggregate and per unit) indicate that "there are different demands and cost considerations present for each of the package sizes and forms offered of the Challenged Products."[28]  The additional discussion that Dr. Dennis adds in the Dennis April 24th Report does not address the

___

[25] Dennis April 24th Report, ¶ 56.  In the Dennis Report, Dr. Dennis stated he would use the Sambucol Black Elderberry Syrup, *7.8 fl. oz*. product in his conjoint survey (Dennis Report, ¶ 95 (across pages 34 -35)).  In the Dennis April 24th Report, without explicitly reporting that he has made a change, it appears Dr. Dennis will use the *4.0 fl. oz.* package size in his conjoint analysis.  My comments relating to the inapplicability of extrapolating the conjoint survey results to other product forms and product package sizes (among other things) still apply regardless as to whether Dr. Dennis uses a 7.8 fl. oz. or 4.0 fl. oz. package size.

[26] Dennis Report, ¶ 72. ("The survey instructs the respondents to assume that the two products have the same brand, size, syrup type, price, and are sold in the same store where the respondent normally buys Elderberry products.").  *See also* Dennis Report, ¶ 95 ("I will instruct the respondents to base their answers only on the information displayed in the choice tasks and to assume that the products do not differ in any way except for the differences in the attributes shown in the survey.").

[27] Dennis April 24th Report, ¶ 59.

[28] *See* **Exhibits 6-12** of the Ugone Declaration; Ugone Declaration, ¶ 84.  *See also* Ugone Declaration, § IX.A-IX.C.  In the remaining Section IX of the Ugone Declaration, I discuss additional variables that explain why determination of claimed economic injury and damages as a result of the Challenged Representations requires individual inquiry, including prices varied by retailer and discounted and expedited prices.

CONFIDENTIAL – FOR COUNSEL ONLY

individualized inquiry issues I raised in the Ugone Report. I also note that the further discussions provided on these topics in the Dennis April 24th Report could have been included in the Dennis Report, but were not. Dr. Dennis does not explain why these expanded discussions were not included in the Dennis Report. Had Dr. Dennis included these further discussions in the Dennis Report I would have included the foregoing discussion in my initial report.

\* \* \* \* \* \*

17. My analyses, observations, and opinions contained in this declaration are based upon information available to date. I reserve the ability to review documents, deposition transcripts, or other information still to be produced by the Parties to this dispute and to supplement my opinions based upon that review.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Grand Saline, Texas on May 12, 2023.

*[signature: Keith R. Ugone]*

Keith R. Ugone, Ph.D.
May 12, 2023