UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PHARMACARE U.S., INC., <br><br> Defendant. | Case No.:  3:21-cv-00137-JES-AHG <br><br> **ORDER RESOLVING OPPOSED JOINT MOTION FOR CONTINUANCE** <br><br> **[ECF No. 208]** |

Before the Court is the parties' Opposed Joint Motion to Continue. ECF No. 208. Plaintiffs seek a continuance of the merits expert disclosure deadlines, which Defendant opposes. *Id.*

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule

may be modified only for good cause and with the judge's consent"); *see also* ECF No. 170 at 6 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end.") (internal citation omitted).

Plaintiffs request that that the deadline for initial expert designations and reports be reset to 60 days after any order on class certification, the deadline for rebuttal expert designations and reports be reset to 105 days after any order on class certification, and the deadline for expert discovery deadline be reset to 135 days after any order on class certification. ECF No. 208-1 at 3. Plaintiffs argue that a ruling on the pending class certification motion is needed before merits expert discovery commences because, "[i]n order to conduct their expert analysis, particularly their damages analysis, Plaintiffs' experts will need to know whether this case is continuing as a class action and the scope of the case and the claims at issue." ECF No. 208-2 at 2. Defendant argues that Plaintiffs have not established good cause for a continuance, due to a lack of diligence. ECF No. 208-1 at 4. Further, Defendant explains that it "has begun merits expert work and incurred expenses preparing for the expert disclosure deadline[,] and argues that Plaintiffs' expert analysis must be performed whether or not this case proceeds as a class action. ECF No. 208-1 at 7; ECF No. 208-3 at 3. Upon due consideration of the papers submitted, good cause

appearing, the Court **GRANTS IN PART AND DENIES IN PART**[1] Plaintiffs' request as follows:

1. All dates and deadlines set forth in the Court's Fourth Amended Scheduling Order (ECF No. 170) are vacated.

2. Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a settlement conference (*see* ECF No. 207) and a further case management conference.

**IT IS SO ORDERED.**

Dated:  December 11, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Though the Court is not setting the deadlines at this time, the Court notes that the lengthiest deadlines customarily set in similar cases include 30 days for initial expert designations and reports, 30 days for rebuttal expert designations and reports, and 30 days for expert discovery and depositions.