# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No.: 3:21-cv-00137-JES-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION FOR CONTINUANCE**<br><br>**[ECF No. 245]** |

Before the Court is the parties' Opposed Joint Motion regarding Plaintiffs' Application for an Extension of Expert Deadlines. ECF No. 245. Plaintiffs seek a continuance of the merits expert report deadlines, which Defendant opposes. *Id*.

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 214 at 6 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified

1  except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance
2  requires "[a] showing of good cause for the request").

3  Courts have broad discretion in determining whether there is good cause. *See, e.g.*,
4  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.*
5  *Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012).
6  "Good cause" is a non-rigorous standard that has been construed broadly across procedural
7  and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir.
8  2010). The good cause standard focuses on the diligence of the party seeking to amend the
9  scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609
10 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.
11 ... If that party was not diligent, the inquiry should end.") (internal citation omitted).

12 The deadline for the designation and disclosures of merits experts is
13 October 16, 2024. ECF No. 221 at 3. The deadline for the designation and disclosures of
14 merits rebuttal experts is November 13, 2024. *Id*. Plaintiffs explain that the principal
15 attorney working on Plaintiffs' expert reports, Rachel Soffin, was forced to evacuate her
16 home due to Hurricanes Helene and Milton. ECF No. 245 at 2. During Hurricane Helene,
17 she evacuated and stayed at a hotel with her family and pets, sustained damage to her home,
18 and internet access was nonfunctional. *Id*. Less than a week later, during Hurricane Milton,
19 she again evacuated, this time 230 miles away, and upon her return, electricity and internet
20 remained off, there was no drinkable water, and schools were closed. *Id*. at 3. Plaintiffs
21 represent that they had not received the updated sales data until September 16, 2024, and
22 shortly thereafter, Ms. Soffin's ability to return to a regular work schedule was inhibited
23 from approximately September 25 through at least October 8. *Id*. at 2–4. As such, Plaintiffs
24 seek a two-week extension of the initial expert report deadline, and a one-week extension
25 of the rebuttal expert report deadline. *Id*. at 3. Defendant contends that the modest extension
26 is unnecessary and argues that "[g]iven that class certification was granted more than six
27 months ago, Plaintiffs' experts have had ample time to organize and coordinate with their
28 experts to prepare their reports, even in the face of recent unforeseen circumstances faced

by one of Plaintiffs' attorneys." *Id*. at 5 (emphasis omitted). Defendant also disagrees with Plaintiffs' statement regarding the timing of the production of sales data, and argues that "Plaintiffs' experts have had ample information available from third-party sources to initiate their work based on the comprehensive data already obtained from third-parties before September 16, 2024. That Plaintiffs and their experts chose to wait to receive Defendant's updated sales information to start their work does not demonstrate due diligence. The window between Defendant's production of supplemental data and the occurrence of natural disasters does not excuse Plaintiffs' experts from initiating the work earlier." *Id*. at 7 (emphasis omitted). Defendant also takes issue with Plaintiffs' request to extend their expert deadline by two weeks and Defendant's by only one week, arguing that it would "disproportionately prejudice Defendant" by compressing its ability to analyze the opinions and address key legal issues. *Id*. at 8–9.

The Court is persuaded by Plaintiffs' position and is unpersuaded that Defendant's hardline stance is reasonable. The Court is frustrated that the parties could not reach agreement on Plaintiffs' modest request to amend the schedule, particularly in light of a fellow member of the bar coping with the aftermath of natural disasters. That type of cooperation is expected under this district's Local Rule governing civility. *See* CivLR 2.1(a)(3)(d) ("We expect lawyers to not arbitrarily or unreasonably withhold consent to a reasonable request for cooperation or accommodation."). Upon consideration of the arguments of both sides, good cause appearing, the Court **RESOLVES** the Opposed Joint Motion and **GRANTS IN PART** Plaintiffs' request for continuance (ECF No. 245) as follows:

1. The parties shall designate their respective merits experts in writing by **October 30, 2024**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The parties shall designate any merits rebuttal experts in writing by **November 27, 2024**. The written designations shall include the name, address and

telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

    2.    By **October 30, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

    3.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **November 27, 2024**.

    4.    All merits expert discovery shall be completed by all parties by **December 18, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 221 at 3.

    5.    Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    6.    All pretrial motions must be filed by **January 7, 2025**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

7.      All other dates and pretrial instructions set forth in the Court's Scheduling Order dated April 18, 2024 (ECF No. 214) — including the March 5, 2025, Mandatory Settlement Conference,[1] and the May 7, 2025, final pretrial conference — will remain unchanged.

**IT IS SO ORDERED.**

Dated: October 15, 2024

Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Upon due consideration, the Mandatory Settlement Conference ("MSC") will be conducted *via videoconference* instead of in person. **In addition to** the pre-conference deadlines outlined in ECF No. 214 at 4–5, the Court also requires that the parties email the Court at efile_goddard@casd.uscourts.gov with the names, titles, and email addresses of their participants, as well as the cell phone number their preferred point of contact, by **February 26, 2025**. The Court reminds the parties that all named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend *via videoconference*. To be clear, a party or party representative with **full and complete authority to enter into a binding settlement** must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id*. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present before agreeing to any settlement does not have full authority.**