Trenton R. Kashima (CA SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619) 810-7047
tkashima@milberug.com

*Attorneys for Plaintiffs*
*and the Classes*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT and ROB DOBBS, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>　　　　Defendant. | Case No: 3:21-cv-00137-JES-AHG<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　February 19, 2025<br>Time:　　9:00 a.m.<br>Judge:　　Hon. James E. Simmons, Jr.<br>Ctrm:　　Courtroom 4B |

1    Plaintiffs Montiqueno Corbett and Rob Dobbs respectfully submit these

2    Objections to Defendant's Evidence in Support of Motion for its Motion for Summary

3    Judgment, or in the Alternative, Partial Summary Judgment ("Motion").    Plaintiff

4    respectfully requests that the Court rule on each of the following objections prior to

5    ruling on Defendant's Motion.

## I.    OBJECTIONS TO THE BENJAMIN ENGLAND'S EXPERT REPORT

### A.    General Objections

8    Pharmacare has submitted a purported expert report from Benjamin England (Ex.

9    J to the Declaration of Gina Ferrari) that is little more than a legal brief which

10    longstanding Ninth Circuit authority establishes should be excluded. In the leading case,

11    *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)

12    (cleaned up), the Ninth Circuit unambiguously held: "[A]n expert witness cannot give

13    an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."

14    Further, the district court must exclude an expert's legal conclusions regardless whether

15    correct or incorrect because "[r]esolving doubtful questions of law is the distinct and

16    exclusive province of the trial judge." *Id.* (cleaned up).

17    Here, Mr. England, a lawyer, first sets out the issues he was retained to answer—

18    all of which are questions calling for legal conclusions. (Ex. J p. 1). Then, after

19    providing a summary of his view of the law and FDA regulations (*id.* pp. 3-9)—

20    essentially identical to a legal brief—Mr. England proclaims, among scores of other

21    legal conclusions (see below for specific objections), that "Pharmacare's elderberry is

22    not a new dietary ingredient and would be exempt from any premarket notification

23    requirement," "Sambucol® product claims are structure or function claims . . . and none

24    are disease claims," "the claims referenced by Plaintiff are structure or function claims

25    and are permissible under DEHEA and FDA's implementing the [sic] regulations," and

26    "the antioxidant claim is substantiated and thus would not be considered false or

27    misleading". (*Id.* pp. 9, 17, 22, 23).

28    The court in *Haas v. Travelex Ins. Servs. Inc.,* 679 F. Supp. 3d 962, 967–68 (C.D.

- 1 -

Cal. 2023), *appeal dismissed*, No. 23-55670, 2023 WL 9381382 (9th Cir. Dec. 5, 2023), addressed a comparable expert report and concluded that the "report reads like a legal brief and impermissibly opines on ultimate issues of law. . . . It is, however, well-settled law that experts may not act as advocates opining on ultimate issues of law." *See also Crow Tribe of Indians v. Racico*t, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law. Experts interpret and analyze factual evidence. They do not testify about the law." (cleaned up)); *BP Prods. N. Am., Inc. v. Grand Petroleum, Inc.*, 2021 WL 4482138, at *1–2 (N.D. Cal. Sept. 30, 2021) ("Here, defendants proffer an attorney to opine on the legal meaning of terms in the agreement. Lawyers may be hired to assist counsel of record with legal briefing, but legal opinions have no place in a jury trial and usurp the role of the judge and jury."); *Hadley v. Kellogg Sales Co.*, 2019 WL 3804661, at *25 (N.D. Cal. Aug. 13, 2019) ("[T]he Court GRANTS Plaintiff's motion to strike the opinions of [Kellogg's experts] as to Kellogg's compliance with FDA regulations. . . . These opinions about Kellogg's compliance with FDA regulations opinions are purely legal in nature, and thus are not the proper subject matter of an expert opinion."). Mr. England's declaration is indistinguishable from the reports in these cases, and the Court should exclude it.

### B. Specific Objections

| | Material Objected To | Grounds for Objections |
|---|---|---|
| 1. | Page 17:<br><br>"Plaintiff alleges Sambucol® products are also regulated as drugs by FDA because the claims on the labeling are disease claims when taken together in their entirety. See SAC p.7, para 10. In my opinion, all Sambucol® product claims are structure or function claims or relate to general health and wellbeing and none are disease claims, whether taken individually or when taken together in their entirety." | Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). <br><br> More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| | Sustained: _____ <br> Overruled: _____ | |
| 2. | Page 18: <br><br> "FDA's preamble to the FDA Structure/Function Final Rule specifically discusses claims for immune health and support as permissible structure or function claims. In the case of Sambucol®, in my opinion, the claims that the product supports or maintains the immune systems or functions of the body are permissible structure or function claims and are not drug claims." | Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). <br><br> More Prejudicial Than Probative (FRE 403): because Mr. English only provides his |

- 3 -

| Material Objected To | Grounds for Objections |
|---|---|
| | opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| | Sustained: _____<br>Overruled: _____ |
| 3. Page 18:<br><br>"Plaintiffs makes much about Sambucol® claims that it was designed by a world-renowned virologist, stating, "[a]s is obvious from the name, a virologist is an expert in the branch of science that deals with viruses and the diseases that they cause." See SAC at 14. Plaintiffs are essentially asserting that a virologist would somehow have greater significance than some other medical specialist in influencing consumer behavior relative to the purchase of Sambucol®. In fact, immunologists study how the immune system operates in normal health and how it contributes to disease, whereas virologists study the composition of viruses themselves – their structure, how they replicate, how to classify them and so forth. Thus, Plaintiffs suggest, in part, that a virologist is interchangeable with an immunologist, or even an epidemiologist, which is not the case. If Pharmacare were attempting to draw a link between a medical profession and a disease, then in my opinion a more appropriate linkage would be an immunologist, not a virologist." | Expert Opinion Not Supported (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the "designed by a world-renowned virologist" representation. *See Jones v. ConAgra Foods, Inc.*, No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material."). Indeed, Mr. English's position that an immunologist or epidemiologist is more commonly associated with treatment of disease is contracted by the facts of this case. It is undisputed that Dr. Mumcuoglu (the virologist mentioned on Defendant's Sambucol Products) did patent a treatment for the flu. Declaration of Trenton Kashima, ECF No. 147-3, at Exs. A-B (ECF No. 147-5).<br><br>Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing |

- 4 -

| Material Objected To | Grounds for Objections |
|---|---|
| | more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion.").<br><br>More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| Sustained: _____<br>Overruled: _____ | |
| 4.  Page 18:<br><br>"Nevertheless, in my opinion, claims that a product was designed by someone knowledgeable about the benefits a dietary supplement or dietary ingredient may be demonstrated to have on the structure or function of the body is simply (and obviously) not a claim to diagnose, treat, cure, or mitigate a disease, which is necessary for the supplement or ingredient to be regulated as a drug. Labeling of dietary supplements is permitted by DSHEA and FDA regulation to bear structure or function claims, including those related to systems of the body. In the case of Sambucol®, a claim that the formulation was designed or developed or been aided in design or development by a "virologist" or a "world renown virologist" is not a claim that the dietary supplement is intended diagnose, treat, cure or mitigate viral infections any more than a dietary supplement intended to promote normal blood circulation could be commuted to a drug if it were designed or developed by a cardiologist. SAC p.7, para 10." | Expert Opinion Not Supported (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the "designed by a world-renowned virologist" representation. *See Jones v. ConAgra Foods, Inc.*, No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material."). Indeed, Mr. English's position that an immunologist or epidemiologist is more commonly associated with treatment of disease is contracted by the facts of this case. It is undisputed that Dr. Mumcuoglu (the virologist mentioned on Defendant's Sambucol Products) did patent a treatment for the flu. Declaration of Trenton Kashima, ECF No. 147-3, at Exs. A-B (ECF No. 147-5).<br><br>Improper Expert Opinion (FRE 702): Mr. |

| Material Objected To | Grounds for Objections |
|---|---|
| | England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman,* 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). <br><br> More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| Sustained: _____ <br> Overruled: _____ | |
| 5. Page 18-19: <br><br> "In my opinion, because the Sambucol® labels indicate the articles only affect are to support the immune system, and no particular immunological disfunction or disease, the fact that a virologist designed the formula does not convert the otherwise acceptable and explicit structure or function claims into disease claims. The label implies no effect on any particular virus, or class of viruses or even infection with the common cold or flu. There are no vignettes on the Sambucol® | Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. |

OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No. 3:21-cv-00137-JES-AHG

| Material Objected To | Grounds for Objections |
|---|---|
| labels I reviewed showing representations of viruses or any disease. The label includes no references to physiological markers that are qualifiably linked to any disease or immune system response or deficiency, such as white blood cell counts." | Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). <br><br> More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| Sustained: _____ <br> Overruled: _____ | |
| 6. Page 19: <br><br> "In my opinion, the same way consumers might be encouraged to use a supplement that supports healthy blood circulation if a cardiologist who understands blood circulation participated in its formulation, they may be encouraged to take Sambucol® because a virologist or an immunologist, or some other appropriate professional, who knows how a healthy immune system may be supported by dietary supplementation with elderberry, participated in its design or development. See SAC pp 4 & 5. This claim is useful information to a consumer and, except for disease claims, DSHEA was designed to increase the useful information available to consumers about dietary supplements and their benefits to structures or functions of the body." | Expert Opinion Not Supported (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the "designed by a world-renowned virologist" representation. *See Jones v. ConAgra Foods, Inc.*, No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material."). Indeed, Mr. English's position that a virologist would not be associated with the treatment of a disease is not supported by the facts of the case. It is undisputed that Dr. Mumcuoglu (the virologist mentioned on Defendant's Sambucol Products) did patent a treatment for the flu. Declaration of Trenton Kashima, ECF No. 147-3, at Exs. A-B (ECF No. 147-5). |

OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No. 3:21-cv-00137-JES-AHG

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman,* 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). <br><br> More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| | Sustained: _____ <br> Overruled: _____ | |
| 7. | Page 19: <br><br> "In my opinion, where FDA does not interpret the word "cancer" in a reference to the National Cancer Institute on dietary supplement labeling to automatically create a drug claim, the claim that a world-renowned virologist participated in the formulation design or development of Sambucol® could not convert it into a drug." | Expert Opinion Not Supported (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.,* 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the "designed by a world-renowned virologist" representation. *See Jones v. ConAgra Foods, Inc.,* No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| 1 | | consumer standard that did not |
| 2 | | "not survey any customers to assess whether the challenged statements were in fact |
| 3 | | material.").  Indeed, Mr. English's position that a virologist would not be associated with |
| 4 | | the treatment of a disease is not supported by the facts of the case.  It is undisputed that Dr. |
| 5 | | Mumcuoglu (the virologist mentioned on Defendant's Sambucol Products) did patent a |
| 6 | | treatment for the flu.  Declaration of Trenton |
| 7 | | Kashima, ECF No. 147-3, at Exs. A-B (ECF No. 147-5). |
| 8 | | |
| 9 | | Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to |
| 10 | | [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." |
| 11 | | *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can |
| 12 | | an expert, "instructing the jury as to the applicable law" as this "'is the distinct and |
| 13 | | exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert |
| 14 | | attorney simply recites the law in this area, and suggest the ultimately how the FDA, and |
| 15 | | therefore the jury, should decide the case. Such an expert would offer no more than |
| 16 | | legal conclusions that serve "to do nothing more than tell the jury what result it should |
| 17 | | reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059–60 (9th Cir. |
| 18 | | 2008). This is improper. *United States v. Tamman,* 782 F.3d 543, 553 (9th Cir. 2015) |
| 19 | | ("Dinehart's opinion provided only a recitation of facts and the legal conclusion |
| 20 | | that Tamman acted in conformity with unidentified SEC rules and regulations and |
| 21 | | otherwise did not break the law. This is not a proper expert opinion."). |
| 22 | | |
| 23 | | More Prejudicial Than Probative (FRE 403): because Mr. English only provides his |
| 24 | | opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| 25 | | |
| 26 | | |
| 27 | | Sustained: _____ |
| 28 | | Overruled: _____ |

OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case No. 3:21-cv-00137-JES-AHG

| | Material Objected To | Grounds for Objections |
|---|---|---|
| 8. | Page 20:<br><br>"The SAC also identified a series of other statements which Plaintiffs bundle together try to conjure up Pharmacare's intent for Sambucol® to prevent or treat viruses or the flu or other illnesses, as opposed to supporting the healthy function of the immune system. However, these claims, when taken individually or as a whole, do not imply that Sambucol® does anything other than support a healthy immune system, which is, of course, the body's defense system against toxins and illness." | <u>Expert Opinion Not Supported</u> (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the Sambucol Product label. *See Jones v. ConAgra Foods, Inc.,* No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material.").<br><br><u>Improper Expert Opinion</u> (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion.").<br><br><u>More Prejudicial Than Probative</u> (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which |

- 10 -

| Material Objected To | Grounds for Objections |
|---|---|
| | intrudes on the jury's core function. |
| Sustained: _____ <br> Overruled: _____ | |
| 9. | Page 21: <br><br> "Plaintiffs allege immunity is defined as 'a condition of being able to resist [infection by] a particular disease…' SAC at 16. This is at best a selectively partial definition that takes the term out of context. The definition appears to be offered in an attempt to bridge the gap between a claim about a properly functioning and healthy immune system and a particular disease. Contrary to Plaintiffs' definition, however, immunity refers to the ability of an organism to resist an infection or toxin by the action of specific antibodies or sensitized white blood cells, resulting in a systemic effect. Sambucol®, in all of the claims made in its labeling, is targeted specifically at supporting the immune system, and that is all. The immune system performs its function when operating in a normally healthy way in a normally healthy body." | Expert Opinion Not Supported (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the Sambucol Product label. *See Jones v. ConAgra Foods, Inc.*, No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material."). <br><br> Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). |

- 11 -

| Material Objected To | Grounds for Objections |
|---|---|
| | <u>More Prejudicial Than Probative</u> (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| Sustained: _____<br>Overruled: _____ | |
| 10. Page 21:<br><br>"In my opinion, the above statements individually and even taken collectively amount to restatements that Sambucol® is useful for helping to support, or supporting, or maintaining a health immune system. The immune system, when strong and operating correctly in healthy individuals, provides the body with defense mechanisms against toxins and infectious materials. What is most noteworthy, as that at every place that Sambucol® is said to do anything, it is always the same thing, support the immune system so the immune system can do its job. Sambucol® itself is never presented as useful to diagnose, or treat, or cure, or mitigate or even prevent any disease. Defendant never advertise taking Sambucol® when sick. Always the effect is to support and to help maintain a normally operating and healthy immune system, which does its own job as an immune system." | <u>Expert Opinion Not Supported</u> (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the term "immunity." *See Jones v. ConAgra Foods, Inc.,* No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material.").<br><br><u>Improper Expert Opinion</u> (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman,* 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion |

- 12 -

Case No. 3:21-cv-00137-JES-AHG

| Material Objected To | Grounds for Objections |
|---|---|
| | that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). |
| | More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |

Sustained: _____
Overruled: _____

| 11. | Page 22:<br><br>"In my opinion, the claims referenced by Plaintiff are structure or function claims and are permissible under DSHEA and FDA's implementing the regulations governing (enforceable as federal law) the very question." | Expert Opinion Not Supported (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the term "immunity." *See Jones v. ConAgra Foods, Inc.,* No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material.").<br><br>Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059–60 (9th Cir. |

| Material Objected To | Grounds for Objections |
|---|---|
| | 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion."). |
| | More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| Sustained: _____<br>Overruled: _____ | |
| 12. Page 22:<br><br>"Finally, and as referenced above, FDA has issued many warning letters against companies illegally marketing elderberry dietary supplements and products as drugs.53 Yet, to my knowledge, FDA has never issued any notice or warning letter to Pharmacare. This fact is relevant given Pharmacare's Sambucol® is one of the largest (if not the largest) brand of elderberry dietary supplements in the U.S. In my opinion, it is because the claims associated with Sambucol® are (and would clearly be viewed by FDA to be) permissible structure or function claims and not disease claims." | Irrelevant (FRE 401; 402): The fact patterns in the FDA warning letters are not the same as the facts before this Court. Therefore, such letters are not relevant to the instant action. As noted by the Ninth Circuit, the determination of implied disease claims is often dependent on context, and "distinction between implied and express disease claims is thus, in many cases, a semantic one." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 809 (9th Cir. 2020). Additionally, this case involves implied disease claims, and FDA warning letters involve expressed disease claims.<br><br>Expert Opinion Not Supported (FRE 702): to the extent that Mr. England argues that the cited FDA warning letters are evidence that the FDA inaction against the Sambucol Products should be interpreted as tacit approval, such evidence is unduly prejudicial. *Krause-Pettai v. Unilever United States, Inc.*, 696 F. Supp. 3d 916, 922 (S.D. Cal. 2023) (Given limited resources, and the number of products the FDA regulates, the FDA's refusal to act should not be interpreted as the FDA's tacit approval.). This is particular true today, as the Supreme Court has made it clear that it is this Court's interpretation of the FDCA (and its "Implied Disease" provisions), |

- 14 -

| Material Objected To | Grounds for Objections |
|---|---|
| | and not the FDA's, that controls the case. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400-01 (2024) ("Perhaps most fundamentally, *Chevron's* presumption is misguided because agencies have no special competence in resolving statutory ambiguities. Courts do."). Here, the prohibition on implied disease claims is derived by statute (both federal, 21 U.S.C. § 343(r)(6), and state, Health & Safety Code § 110100). Thus, violations of these statutes can exist absent of the FDA enforcement.<br><br>Improper Expert Opinion (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion.").<br><br>More Prejudicial Than Probative (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which intrudes on the jury's core function. |
| Sustained: _____<br>Overruled: _____ | |

- 15 -

| | Material Objected To | Grounds for Objections |
|---|---|---|
| 13. | Page 22:<br><br>"In my opinion, the claims associated with Sambucol® and cited in the SAC are dietary supplement claims and do not result in Sambucol® being regulated as a drug." | <u>Expert Opinion Not Supported</u> (FRE 702): the Implied Disease Claims are governed by the "reasonable consumer" standard. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 871 (E.D.N.Y. 2018). Here, Mr. England offers no facts or support based on his own expertise regarding how consumers would interpret the labels of the Sambucol Products. *See Jones v. ConAgra Foods, Inc.,* No. 12-01633 CRB, 2014 WL 2702726, at *15 (N.D. Cal. June 13, 2014) (giving no weight to an expert opining on a reasonable consumer standard that did not "not survey any customers to assess whether the challenged statements were in fact material.").<br><br><u>Improper Expert Opinion</u> (FRE 702): Mr. England "cannot give an opinion as to [Defendant's] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Acc. Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004). Nor can an expert, "instructing the jury as to the applicable law" as this "'is the distinct and exclusive province' of the court." *Id.* As with Mr. English, Defendant's FDA expert attorney simply recites the law in this area, and suggest the ultimately how the FDA, and therefore the jury, should decide the case. Such an expert would offer no more than legal conclusions that serve "to do nothing more than tell the jury what result it should reach." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008). This is improper. *United States v. Tamman,* 782 F.3d 543, 553 (9th Cir. 2015) ("Dinehart's opinion provided only a recitation of facts and the legal conclusion that Tamman acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law. This is not a proper expert opinion.").<br><br><u>More Prejudicial Than Probative</u> (FRE 403): because Mr. English only provides his opinion on the ultimate issue of law, which |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | intrudes on the jury's core function. |
| | Sustained: _____<br>Overruled: _____ | |

## II.  OBJECTIONS TO THE DECLARATION OF GIOVANNA FERRARI

| | Material Objected To | Grounds for Objections |
|---|---|---|
| 14. | Declaration of Giovanna Ferrari ("Ferrari Decl."), ¶ 2, Exhibit A, at p. 115:21-116:8<br><br>"BY MR. BUTLER: Q Okay. Do you contend that Sambucol is misbranded?<br>MR. BUSCH:· Objection to form.<br>THE WITNESS: Misbranded as -- as what exactly?<br>BY MR. BUTLER:<br>Q As anything?<br>A As anything. Is it -- does it contain elderberry? Sure. Is it going to support your immune system, I can't say that that's accurate branding at all. So the answer to that is yes, it is, in my opinion. | <u>Calls for a Legal Conclusion</u> (FRE 701): whether a product is "misbranded," requires the application of a specific law to the facts at issue. |
| | Sustained: _____<br>Overruled: _____ | |
| 15. | Declaration of Giovanna Ferrari ("Ferrari Decl."), ¶ 2, Exhibit A, at p. 116:8-116:18<br><br>"Q And in your opinion it's misbranded because it doesn't support your immune system; is that fair?<br>MR. BUSCH:· Objection to form.<br>THE WITNESS: That would be one of the big reasons, yes.<br>BY MR. BUTLER:<br>Q Is there any other reason?<br>A Well, I mean it's saying that it's scientifically tested as well. How so? I don't know. I can't seem to find that information." | <u>Calls for a Legal Conclusion</u> (FRE 701): whether a product is "misbranded," requires the application of a specific law to the facts at issue. |
| | Sustained: _____<br>Overruled: _____ | |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | |
| 16. | Declaration of Giovanna Ferrari ("Ferrari Decl."), ¶ 2, Exhibit A, at p. 116:19-116:24<br><br>"Q Okay. So you think it's misbranded because it says it supports the immune system and it says it's scientifically tested. Is there any other reason why you think it's misbranded? MR. BUSCH: Objection to form.<br>THE WITNESS:· For me personally, no."<br>A Well, I mean it's saying that it's scientifically tested as well. How so? I don't know. I can't seem to find that information." | Calls for a Legal Conclusion (FRE 701): whether a product is "misbranded," requires the application of a specific law to the facts at issue. |
| | Sustained: _____<br>Overruled: _____ | |
| 17. | Ferrari Decl., Exhibit D. | Irrelevant (FRE 401; 402); Lacks Authentication/ Lacks Foundation (FRE 901; 902): This evidence does not have the tendency to prove or disprove that Defendant's "proprietary" extract was sold or marketed before 1994.  Nor does it speak to Plaintiffs' ability to establish such facts.  As noted in Plaintiffs' responses, Plaintiffs are unable to determine the ingredients and formulation of the identified products are the same as those in the Sambucol Products, which are described as "unique" and "proprietary."  Nor has Defendant offered any evidenced that the ingredients and formulation of the identified products are the same as those in the Sambucol Products.<br><br>More Prejudicial Than Probative (FRE 403): because it conflates different products containing elderberry extract with Defendant's "proprietary" extract. |
| | Sustained: _____<br>Overruled: _____ | |
| 18. | Ferrari Decl., ¶ 5, Exhibit E:<br><br>"True and correct verified copies of Plaintiffs | Irrelevant (FRE 401; 402); Lacks Authentication; Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): |

- 18 -

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | Corbett's and Dobbs' Responses and Objections to PharmaCare's Requests for Admissions are attached hereto as Exhibits D and E, respectively." | Exhibit E is not Plaintiffs' responses to Requests for Admission. |
| | Sustained: _____ Overruled: _____ | |
| 19. | Ferrari Decl., ¶ 8, Exhibit H: "True and correct copies of PharmaCare's Rule 26 Merits Expert Witness Disclosure and PharmaCare's Rule 26 Merits Rebuttal Expert Witness Disclosure are attached hereto as Exhibits H and I, respectively." | Lacks Authentication; Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit H does not including the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original document. |
| | Sustained: _____ Overruled: _____ | |
| 20. | Ferrari Decl., ¶ 8, Exhibit I. | Lacks Authentication; Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit I does not including the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original document. |
| | Sustained: _____ Overruled: _____ | |
| 21. | Ferrari Decl., ¶ 11, Exhibit K. "True and correct copies of Plaintiffs' Rule 26 Merits Expert Witness Disclosure and Plaintiffs' Rule 26 Merits Rebuttal Expert Witness Disclosure are attached hereto as Exhibits K and L, respectively." | Lacks Authentication; Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit K does not include the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original document. |
| | Sustained: _____ Overruled: _____ | |
| 22. | Ferrari Decl., ¶ 11, Exhibit L. "True and correct copies of Plaintiffs' Rule 26 Merits Expert Witness Disclosure and Plaintiffs' Rule 26 Merits Rebuttal Expert | Lacks Authentication; Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit K does not include the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | Witness Disclosure are attached hereto as Exhibits K and L, respectively." | document. |
| | Sustained: _____<br>Overruled: _____ | |
| 23. | Ferrari Decl., ¶ 13.<br><br>"Plaintiffs have no expert opinion on whether the Products contain a "dietary ingredient" or how consumers perceive the phrase "Dietary Supplement." *See* 174-8 and 11 and Exs. K-M, hereto." | Speculative; Lacks Authentication and Personal Knowledge (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit K and L does not include the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original document.  The Expert Reports, cited at ECF Nos. 174-8 and 11, are similarly deficient.  Instead, Defendant only attached one of Plaintiffs' expert's report, at Exhibit M.  The attached evidence does not support the contention cited.  This is particularly improper because the Reports cited in these documents do support Plaintiffs' contention. |
| | Sustained: _____<br>Overruled: _____ | |
| 24. | Ferrari Decl., ¶ 14.<br><br>"Plaintiffs have no expert opinion on whether the Products could have been labelled an "Illegal Dietary Supplement" or could have excluded the "Dietary Supplement" identification required by the FDA. *See* 174-8 and 11 and Exs. K-M, hereto." | Speculative; Lacks Authentication and Personal Knowledge (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit K and L does not include the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original document.  The Expert Reports, cited at ECF Nos. 174-8 and 11, are similarly deficient.  Instead, Defendant only attached one of Plaintiffs' expert's report, at Exhibit M.  The attached evidence does not support the contention cited. |

| Material Objected To | Grounds for Objections |
|---|---|
| | More Prejudicial Than Probative (FRE 403): It is prejudicial for Defendant to suggest that Plaintiffs solicit improper expert opinions. "[A]n expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir.2002). Similarly, instructing the jury as to the applicable law "is the distinct and exclusive province" of the court. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (citations and quotation marks omitted). |
| | Sustained: _____<br>Overruled: _____ |
| 25. | Ferrari Decl., ¶ 15.<br><br>"Plaintiffs have no expert opinion on the "Directions for Use" and "High Antioxidant" claims. See 174-8 and 11 and Exs. K-M, hereto." | Speculative; Lacks Authentication and Personal Knowledge (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Exhibit K and L does not include the attached exhibits (*i.e.* the actual expert reports) and is an incomplete duplicate of the original document. The Expert Reports, cited at ECF Nos. 174-8 and 11, are similarly deficient. Instead, Defendant only attached one of Plaintiffs' expert's report, at Exhibit M. The attached evidence does not support the contention cited.<br><br>More Prejudicial Than Probative (FRE 403): It is prejudicial for Defendant to suggest that Plaintiffs solicit improper expert opinions. "[A]n expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir.2002). Similarly, instructing the jury as to the applicable law "is the distinct and exclusive province" of the court. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | Cir. 1993) (citations and quotation marks omitted). |
| | Sustained: _____<br>Overruled: _____ | |
| 26. | Ferrari Decl., ¶ 16.<br><br>"Plaintiffs did not disclose any affirmative merits expert on consumers' perception or materiality of the challenged labeling statements." | Speculative; Lacks Authentication and Personal Knowledge (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Defendant attached Plaintiffs' Expert Report Disclosures (Exhibit K and L), or cited to previously submitted Expert Report Disclosures (ECF Nos. 174-8 and 11), which address the cited concerns. Ms. Ferrari ignores this evidence. This is particularly improper because the Reports cited in these documents do support Plaintiffs' contention. |
| | Sustained: _____<br>Overruled: _____ | |
| 27. | Ferrari Decl., ¶ 17.<br><br>"Plaintiffs did not disclose an affirmative merits expert on whether or not "virologist developed," "scientifically tested," and "supports immunity" (when taken together in their entirety) could be considered a disease claim by the FDA." | Speculative; Lacks Authentication and Personal Knowledge (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Defendant attached Plaintiffs' Expert Report Disclosures (Exhibit K and L), or cited to previously submitted Expert Report Disclosures (ECF Nos. 174-8 and 11), which address the cited concerns. Ms. Ferrari ignores this evidence. This is particularly improper because the Reports cited in these documents do support Plaintiffs' contention. |

| Material Objected To | Grounds for Objections |
|---|---|
| Sustained: _____<br>Overruled: _____ | |
| **28.** Ferrari Decl., ¶ 18.<br><br>"Plaintiffs have no expert opinion on whether or not the Products actually provide immune support. See 174-8 and 11 and Exs. K-M, hereto." | <u>Irrelevant</u> (FRE 401; 402) this evidence does not have the tendency to prove or disprove that Defendant's Sambucol Products contain an implied disease claim, or that Defendant's proprietary extract was sold or marketed before 1994.  Plaintiffs do not alleged efficacy claims.<br><br><u>Speculative</u>; <u>Lacks Authentication and Personal Knowledge</u> (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); <u>Not Best Evidence</u> (FRE 1002-03); <u>Lacks Foundation</u> (FRE 901; 902): Defendant attached Plaintiffs' Expert Report Disclosures (Exhibit K and L), or cited to previously submitted Expert Report Disclosures (ECF Nos. 174-8 and 11), which address the cited concerns. Ms. Ferrari ignores this evidence.  This is particularly improper because the Reports cited in these documents do support Plaintiffs' contention.<br><br><u>More Prejudicial Than Probative</u> (FRE 403): It is prejudicial for Defendant to suggest that Plaintiffs solicit improper expert opinions. "[A]n expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir.2002). Similarly, instructing the jury as to the applicable law "is the distinct and exclusive province" of the court. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (citations and quotation marks omitted). |
| Sustained: _____<br>Overruled: _____ | |
| **29.** Ferrari Decl., ¶ 19. | <u>Irrelevant</u> (FRE 401; 402) this evidence does |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | "Plaintiffs have no expert opinion on whether or not the Products were "scientifically tested." See 174-8 and 11 and Exs. K-M, hereto." | not have the tendency to prove or disprove that Defendant's Sambucol Products contain an implied disease claim, or that Defendant's proprietary extract was sold or marketed before 1994.  Plaintiffs to not alleged lack of substantiation claims.

Speculative; Lacks Authentication and Personal Knowledge (*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990) (declarations presented to court must be sufficiently specific to support the inference; inferences cannot be drawn from conclusory statements or general averments)); Not Best Evidence (FRE 1002-03); Lacks Foundation (FRE 901; 902): Defendant attached Plaintiffs' Expert Report Disclosures (Exhibit K and L), or cited to previously submitted Expert Report Disclosures (ECF Nos. 174-8 and 11), which address the cited concerns. Ms. Ferrari ignores this evidence.  This is particularly improper because the Reports cited in these documents do support Plaintiffs' contention.

More Prejudicial Than Probative (FRE 403): It is prejudicial for Defendant to suggest that Plaintiffs solicit improper expert opinions. "[A]n expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir.2002). Similarly, instructing the jury as to the applicable law "is the distinct and exclusive province" of the court. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (citations and quotation marks omitted). |
| | Sustained: _____  
Overruled: _____ | |
| 30. | Ferrari Decl., ¶ 21, Exhibit N

"Newspaper articles and advertisements from the 1800s and early 1900s related to elderberry extracts-containing dietary | Irrelevant (FRE 401; 402); Lacks Authentication/ Foundation (FRE 901; 902): Defendant does not offer any evidence that the products identified in these "articles" and "advertisements" contain the same elderberry |

| Material Objected To | Grounds for Objections |
|---|---|
| supplements were retrieved by Seyfarth counsel from the official website for the Library of Congress (https://www.loc.gov) and from https://books.google.com (counsel searched those databases for documents including the phrase "elderberry"). True and correct copies of the documents obtained from that search are attached hereto as **Exhibit N**." | extract as those in the Sambucol Products or made with the same formulation/manufacturing. The question at bar is whether the "proprietary" elderberry extract in the Sambucol Products is a new dietary ingredient, not elderberry juice/extracts, in general. Without additionally foundational information, such advertisements are irrelevant. The same is true of N.A.R.D. Journal, which lists medical preparations that were reclassified as liquor. But, N.A.R.D. Journal is additionally irrelevant because it does not proport to list "food" products marketed in the United States. Instead, it involves alcohol, which is subject to separate labeling regulation under the Federal Alcohol Administration Act, 27 U.S.C. §§ 201, *et seq.*<br><br>Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of "articles" and "advertisements" in Exhibit N, the events or products discussed therein, or any other aspect of the document. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")<br><br>Hearsay (FRE 802): To the extent that Defendant offers the "articles" and "advertisements" in Exhibit N for the truth of the matter asserted, *i.e.* that the products contained elderberry extract, and that the elderberry extract is the same as that in the Sambucol Products, the evidence is hearsay. *AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015) ("It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | of the matter asserted[.]") (collecting cases).<br><br>More Prejudicial Than Probative (FRE 403): because it conflates and confuses different products containing elderberry with Defendant's "proprietary" extract. |
| | Sustained: _____<br>Overruled: _____ | |
| 31. | Ferrari Decl., ¶ 22, Exhibit O.<br><br>"Newspaper articles and advertisements related to the use of elderberry as a food ingredient prior to October 15, 1994 were retrieved by Seyfarth counsel from the official website for the Library of Congress (https://www.loc.gov) and from https://books.google.com (counsel searched those databases for documents including the phrase "elderberry"). True and correct copies of the documents obtained from that search are attached hereto as **Exhibit O**." | Irrelevant (FRE 401; 402); Lacks Authentication/ Foundation (FRE 901; 902): Defendant does not offer any evidence that the products identified in these "articles" and "advertisements" contain the same elderberry extract as those in the Sambucol Products or made with the same formulation/manufacturing. The question at bar is whether the "proprietary" elderberry extract in the Sambucol Products is a new dietary ingredient, not elderberry juice/extracts, in general. Without additionally foundational information, such advertisements are irrelevant.<br><br>Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of "articles" and "advertisements" in Exhibit O, the events or products discussed therein, or any other aspect of the document. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")<br><br>Hearsay (FRE 802): To the extent that Defendant offers the "articles" and "advertisements" in Exhibit O for the truth of the matter asserted, *i.e.* that the products contained elderberry extract, and that the elderberry extract is the same as that in the |

| Material Objected To | Grounds for Objections |
|---|---|
| | Sambucol Products, the evidence is hearsay. *AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015) ("It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted[.]") (collecting cases).<br><br>More Prejudicial Than Probative (FRE 403): because it conflates and confuses different products containing elderberry with Defendant's "proprietary" extract. |

Sustained: _____
Overruled: _____

| 32. | Ferrari Decl., ¶ 23, Exhibit P.<br><br>"On November 16, 2022, I personally visited the United States National Archives in Kansas City in order to review government records related to *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung GmbH and Ocean Spray Cranberries, Inc*., 1988 WL 47608 (D. New Jersey, May 10, 1988). Attached hereto as **Exhibit P** are photographs I took of the official court records I reviewed at the National Archives in November 2022. In December 2022, I asked the National Archives to send me certified, sealed copies of the official court records that I photographed, and an employee from the National Archives provided me with that documentation. See email correspondence at **Exhibit Q**. I have possession of certified, sealed original copies of those official court records, and will bring them to the hearing on this Motion should the Court require me to do so." | Document is Illegible/Best Evidence Rule: Large portions of Exhibit P are simply illegible due to the quality of the reproduction.<br><br>Irrelevant (FRE 401; 402); Lacks Authentication/ Foundation (FRE 901; 902): Defendant does not offer any evidence that the products identified in these *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung GmbH and Ocean Spray Cranberries, Inc* contain the same elderberry extract as those in the Sambucol Products or made with the same formulation/manufacturing.  The question at bar is whether the "proprietary" elderberry extract in the Sambucol Products is a new dietary ingredient, not elderberry juice/extracts, in general.  Without additionally foundational information, such advertisements are irrelevant.  Such information is not included in Exhibit P. Instead, "the process for creating Sambucus-N," cited in the documents, is described as a "Trade Secret."<br><br>Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of the *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung GmbH and Ocean Spray Cranberries, Inc.* action, the events or products discussed therein, or any |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | other aspect of the case. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")<br><br>Hearsay (FRE 802): To the extent that Defendant offers the court filings from *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung GmbH and Ocean Spray Cranberries, Inc.* in Exhibit P for the truth of the matter asserted, *i.e.* that the products contained elderberry extract, and that the elderberry extract is the same as that in the Sambucol Products, the evidence is hearsay. Additionally, to the extent that these court filings cite other court records, such as declarations/affidavits, they are hearsay within hearsay.<br><br>More Prejudicial Than Probative (FRE 403): because it conflates and confuses different products containing elderberry with Defendant's "proprietary" extract. |
| | Sustained: _____<br>Overruled: _____ | |
| 33. | Ferrari Decl., ¶ 24, Exhibit R.<br><br>"In December 2024, counsel from Seyfarth visited official United States and Israeli government websites to obtain copies of documents reflecting the contents of certain trademark registrations / trademark applications. Copies of those documents (displaying the URL visited) are attached hereto as Exhibit R." | Irrelevant (FRE 401; 402); Lacks Authentication/ Foundation (FRE 901; 902): Defendant does not offer any evidence that the products identified in these *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung GmbH and Ocean Spray Cranberries, Inc.* contain the same elderberry extract as those in the Sambucol Products or made with the same formulation/manufacturing. The question at bar is whether the "proprietary" elderberry extract in the Sambucol Products is a new dietary ingredient, not elderberry juice/extracts, in general. Without additionally foundational information, such |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | advertisements are irrelevant. Such information is not included in Exhibit R. Instead, "the process for creating Sambucus-N," cited in the documents, is described as a "Trade Secret."

Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of the *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung GmbH and Ocean Spray Cranberries, Inc.* action, the events or products discussed therein, or any other aspect of the case. Nor does the Declarant have any knowledge of the trademark at issue. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")

Hearsay (FRE 802): To the extent that Defendant offers the trademark filings in Exhibit R for the truth of the matter asserted, *i.e.* that the products contained elderberry extract, and that the elderberry extract is the same as that in the Sambucol Products, and that the product was sold in the United States, the evidence is hearsay.

More Prejudicial Than Probative (FRE 403): because it conflates and confuses different products containing elderberry with Defendant's "proprietary" extract. |
| | Sustained: _____ Overruled: _____ | |
| 34. | Ferrari Decl., ¶ 24, Exhibit S.

"Also included in Exhibit S is a copy of the results of a search for two trademark registrations performed by a South African | Irrelevant (FRE 401; 402); Lacks Authentication/ Foundation (FRE 901; 902): Defendant offers no evidence that the Sambucol utilized in this South African trademark is the same being currently offered |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | barred attorney (at Seyfarth's request), on South Africa's official government website.." | in the U.S.  Additionally, the existence of a South African trademark has no bearing on the issue at bar, whether the Elderberry Extract in the Sambucol Products was a dietary ingredient that was not marketed in the United States in a dietary supplement before October 15, 1994. 21 U.S.C. 350b(d). Defendant's marketing efforts in South Africa are simple irrelevant.<br><br>Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of the South African trademark, the events or products discussed therein, or any other aspect of the trademark.  Indeed, the Declarant and her firm were not even the attorneys to conduct the search for this document. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")<br><br>Hearsay (FRE 802): To the extent that Defendant offers the trademark filings in Exhibit S for the truth of the matter asserted, *i.e.* that the products contained elderberry extract, and that the elderberry extract is the same as that in the Sambucol Products, and that the product was sold in the United States, the evidence is hearsay.<br><br>More Prejudicial Than Probative (FRE 403): because it conflates and confuses the marketing of Sambucol in a foreign country with the marketing of the Product in the United States. |
| | Sustained: _____<br>Overruled: _____ | |
| 35. | Ferrari Decl., ¶ 25, Exhibit T. | Irrelevant (FRE 401; 402); Lacks |

OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF       Case No. 3:21-cv-00137-JES-AHG
MOTION FOR SUMMARY JUDGMENT

| Material Objected To | Grounds for Objections |
|---|---|
| "Seyfarth counsel searched https://books.google.com for government files from the U.S. Department of Treasury. A true and correct copy of one such file (an Industry Circular from February 23, 1989) is attached hereto as Exhibit T." | Authentication/ Foundation (FRE 901; 902): Defendant does not offer any evidence that the products identified in this "Industry Circular" contains the same elderberry extract as those in the Sambucol Products or made with the same formulation/manufacturing. The question at bar is whether the "proprietary" elderberry extract in the Sambucol Products is a new dietary ingredient, not elderberry juice/extracts, in general. Without additionally foundational information, such advertisements are irrelevant. Additionally, this "Industry Circular" is additionally irrelevant because it does not proport to list "food" products marketed in the United States. Instead, it involves alcohol, which is subject to separate labeling regulation under the Federal Alcohol Administration Act, 27 U.S.C. §§ 201, *et seq.*<br><br>Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of "articles" and "advertisements" in Exhibit N, the events or products discussed therein, or any other aspect of the document. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")<br><br>Hearsay (FRE 802): To the extent that Defendant offers the "articles" and "advertisements" in Exhibit N for the truth of the matter asserted, *i.e.* that the products contained elderberry extract, and that the elderberry extract is the same as that in the Sambucol Products, the evidence is hearsay. *AFMS LLC v. United Parcel Serv. Co.*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015) ("It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are |

- 31 -

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | thus inadmissible if offered to prove the truth of the matter asserted[.]") (collecting cases). <br><br> More Prejudicial Than Probative (FRE 403): because it conflates and confuses different products containing elderberry with Defendant's "proprietary" extract. |
| | Sustained: _____ <br> Overruled: _____ | |
| 36. | Ferrari Decl., ¶ 27, Exhibit U. <br><br> "Seyfarth's searches established that the FDA has issued numerous warning letters to other elderberry supplement makers (not PharmaCare) for making express and implied disease claims. Examples of warning letters to other elderberry supplement makers retrieved by Seyfarth counsel include: (a) FDA WL 608837 at https://www.fda.gov/inspections-compliance-enforcementand-criminal-investigations/warning-letters/elderberry-co-llc-608837-09082020 (Sept. 8, 2020) (last viewed Dec. 21, 2024); and (b) FDA WL 622859 at https://www.fda.gov/inspections-compliance-enforcementand-criminal-investigations/warning-letters/elderberry-fairy-co-llc-622859- 08152022 (Aug. 15, 2022) (last viewed Dec. 21, 2024), which, together with additional exemplars, are attached hereto as Exhibit U." | Irrelevant (FRE 401; 402): The fact patterns in the FDA warning letters are not the same as the facts before this Court. Therefore, such letters are not relevant to the instant action. As noted by the Ninth Circuit, the determination of implied disease claims is often dependent on context, and "distinction between implied and express disease claims is thus, in many cases, a semantic one." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 809 (9th Cir. 2020). Additionally, this case involves implied disease claims, and FDA warning letters cited in Exhibit U involve expressed disease claims. <br><br> Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of the FDA warning letters, the events or products discussed therein, or any other aspect of FDA enforcement efforts. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.") <br><br> Hearsay (FRE 802): To the extent that Defendant offers the FDA warning letters in Exhibit U for the truth of the matter asserted, that the FDA warning letters involve disease claims, the evidence is hearsay. Additionally, |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | "no public records" exception (Rule 803(8)) is not a proper means for admission because FDA warning letters are tentative conclusions that do not embody a final agency decision. This was confirmed when the FDA itself explained before the U.S. Supreme Court in *Holistic Candlers & Consumers Association v. FDA* that warning letters do "not mark the consummation of FDA's decision-making process," are "not based on a formal and complete administrative record," are merely "tentative," and "do not constitute final agency action." Br. for the Respondents, No. 11-1454, 2012 WL 3991471, at *9-10 (U.S. Sept. 11, 2012). |
| | | More Prejudicial Than Probative (FRE 403): to the extent that Defendant argues that Exhibit U is evidence that the FDA inaction against the Sambucol Products should be interpreted as tacit approval, such evidence is unduly prejudicial. *Krause-Pettai v. Unilever United States, Inc.*, 696 F. Supp. 3d 916, 922 (S.D. Cal. 2023) (Given limited resources, and the number of products the FDA regulates, the FDA's refusal to act should not be interpreted as the FDA's tacit approval.). This is particular true today, as the Supreme Court has made it clear that it is this Court's interpretation of the FDCA (and its "Implied Disease" provisions), and not the FDA's, that controls the case. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400-01 (2024) ("Perhaps most fundamentally, *Chevron's* presumption is misguided because agencies have no special competence in resolving statutory ambiguities. Courts do."). Here, the prohibition on implied disease claims is derived by statute (both federal, 21 U.S.C. § 343(r)(6), and state, Health & Safety Code § 110100). Thus, violations of these statutes can exist absent of the FDA enforcement. |
| | Sustained: _____ <br> Overruled: _____ | |
| 37. | Ferrari Decl., ¶ 28, Exhibit V. | Irrelevant (FRE 401; 402): The fact patterns |

| Material Objected To | Grounds for Objections |
|---|---|
| "Seyfarth's search established that the FDA also has sent numerous warning letters to makers of other dietary supplements for the alleged failure submit an NDI notification, but (as of December 2024) none were issued for elderberry supplements. Examples of the warning letters to makers of other dietary supplements for the alleged failure submit an NDI notification retrieved by Seyfarth counsel include: (a) FDA WL 622401 at https://www.fda.gov/inspections-compliance-enforcementand-criminal-investigations/warning-letters/max-muscle-622401-05042022 (May 4, 2022) (last viewed Dec. 21, 2024); and (b) FDA WL 622504 at https://www.fda.gov/inspections-compliance-enforcementand-criminal-investigations/warning-letters/ironmag-labs-622504-05042022 (May 4, 2022) (last viewed Dec. 21, 2024), which, together with additional exemplars, are attached hereto as Exhibit V." | in the FDA warning letters are not the same as the facts before this Court. Therefore, such letters are not relevant to the instant action. As noted herein, the NDI claims may turn on the exact formulation and method of manufacture of Sambucol's elderberry extract, which is not publicly disclosed.<br><br>Lacks Personal Knowledge (FRE 602; 701; 901): The Declarant has no personal knowledge of the FDA warning letters, the events or products discussed therein, or any other aspect of FDA enforcement efforts. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")<br><br>Hearsay (FRE 802): To the extent that Defendant offers the FDA warning letters in Exhibit V for the truth of the matter asserted, that the FDA warning letters involve NDI claims, the evidence is hearsay. Additionally, "no public records" exception (Rule 803(8)) is not a proper means for admission because FDA warning letters are tentative conclusions that do not embody a final agency decision. This was confirmed when the FDA itself explained before the U.S. Supreme Court in *Holistic Candlers & Consumers Association v. FDA* that warning letters do "not mark the consummation of FDA's decision-making process," are "not based on a formal and complete administrative record," are merely "tentative," and "do not constitute final agency action." Br. for the Respondents, No. 11-1454, 2012 WL 3991471, at *9-10 (U.S. Sept. 11, 2012).<br><br>More Prejudicial Than Probative (FRE 403): to the extent that Defendant argues that |

| | Material Objected To | Grounds for Objections |
|---|---|---|
| | | Exhibit V is evidence that the FDA inaction against the Sambucol Products should be interpreted as tacit approval, such evidence is unduly prejudicial. *Krause-Pettai v. Unilever United States, Inc.*, 696 F. Supp. 3d 916, 922 (S.D. Cal. 2023) (Given limited resources, and the number of products the FDA regulates, the FDA's refusal to act should not be interpreted as the FDA's tacit approval.). This is particular true today, as the Supreme Court has made it clear that it is this Court's interpretation of the FDCA (and its "NDI" provisions), and not the FDA's, that controls the case. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400-01 (2024) ("Perhaps most fundamentally, Chevron's presumption is misguided because agencies have no special competence in resolving statutory ambiguities. Courts do."). Here, the prohibition on unnoticed NDIs is derived by statute (both federal, 21 U.S.C. § 350b, and state, Health & Safety Code § 110100). Thus, violations of these statutes can exist absent of the FDA enforcement. |
| | Sustained: _____ <br> Overruled: _____ | |
| 38. | Ferrari Decl., ¶ 28, Exhibit W. <br><br> "Seyfarth's search further established that the FDA has issued a series of curricula for middle and high school students that recommends that they buy "elderberry extract" for testing food and "dietary supplement" safety. The results of those searches were retrieved by Seyfarth counsel at: (a) https://www.fda.gov/food/students-teachers/science-and-our-food-supply (Oct 5. 2022)(last accessed Dec. 21, 2024); and (b) https://www.fda.gov/media/152680/download referencing SCIENCE AND OUR FOOD SUPPLY, Examining Dietary Supplements, 2021 Ed. (last viewed Dec. 21, 2024), and are attached hereto as Exhibit W." | <u>Irrelevant</u> (FRE 401; 402): A reference to a series of curricula for middle and high school students, noted that teachers may purchase Elderberry extract for purposes of conducting chromatography testing, is not evidence that the FDA believes that all Elderberry extracts are properly marketed and contain the same underlying ingredients. Indeed, such a conclusion is expressly discounted by the cited position of the curricula. The cited experiment notes that chromatography results may show that samples of two different brands of Elderberry extract may have different chemical components, just as was posited in this case. <br><br> <u>Hearsay</u> (FRE 802): To the extent that Defendant offers the FDA middle and high school curricula in Exhibit W for the truth of |

| Material Objected To | Grounds for Objections |
|---|---|
|  | the matter asserted, that the FDA may be legal marketed, the evidence is hearsay. |

<u>Lacks Personal Knowledge</u> (FRE 602; 701; 901): The Declarant has no personal knowledge of the FDA curricula*, the products discussed therein, or any other aspect of FDA educational efforts. *Cohan v. Provident Life & Accident Ins. Co.*, 140 F. Supp. 3d 1063, 1075 (D. Nev. 2015) ("[E]ven pursuant to Rule 901(b)(4), counsel must have personal knowledge regarding the underlying document. In short, a mere declaration that an exhibit is a true and correct copy of a document, absent any declaration of personal knowledge establishing the authenticity of the original document, is insufficient.")

<u>More Prejudicial Than Probative</u> (FRE 403): to the extent that Defendant argues that Exhibit W is evidence that the FDA approves the sale of the Sambucol Products, such evidence is unduly prejudicial. There is no discussion of the legality of all Elderberry extracts in this document, let alone the Sambucol Products. A passing reference in sample middle and high school curricula should not be read as tacit approval of the products discussed therein. This is particular true today, as the Supreme Court has made it clear that it is this Court's interpretation of the FDCA (and its "NDI" provisions), and not the FDA's, that controls the case. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400-01 (2024) ("Perhaps most fundamentally, Chevron's presumption is misguided because agencies have no special competence in resolving statutory ambiguities. Courts do."). Here, the prohibition on unnoticed NDIs is derived by statute (both federal, 21 U.S.C. § 350b, and state, Health & Safety Code § 110100). Thus, violations of these statutes can exist absent of the FDA enforcement.

Sustained: _____
Overruled: _____

## III.    OBJECTIONS TO OTHER EVIDENCE CITED IN THE MOTION

| | Material Objected To | Grounds for Objections |
|---|---|---|
| 39. | Motion at p. 6:13-18, ECF No. 228-10, 228-11, pp. 28:16- 32:24:<br><br>"Based on PharmaCare's discovery responses and his expertise in the industry, PharmaCare's FDA industry expert concluded that PharmaCare's elderberry extract is not chemically different than the elderberry used in the above foods. Ferrari Decl., Ex. J (pp. 12-14); Dkts. 228-9, -10, and -15 (PC00231); 235-3, p. 5 of 18 and 228-11, pp. 28:16- 32:24 (Ex. 4, PC002149 ); 235-5, Index of Exhibits, p. 3 and 147-7, pp. 90:8-91: (Exs. 4 and 5 (PC002026 and PC002033). P/" | Irrelevant (FRE 401; 402) Lacks Authentication/Foundation (901; 902): To the extent that Defendant suggests that ECF No. 228-10 and 228-11 (Ex. 4, PC00214) represents the production process for their Elderberry Extract, the cited testimony does not support that contention (pp. 228-11, pp. 28:16- 32:24). |
| | Sustained: _____<br>Overruled: _____ | |

DATED: February 5, 2025

Respectfully submitted,

By: /s/ Trenton Kashima

Trenton Kashima (CA SBN No. 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
402 West Broadway, Suite 1760
San Diego, CA 92101
Tel: (619)810-7047
tkashima@milberg.com

Rachel Soffin (*pro hac vice*)
Russell Busch (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
First Horizon Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Email: rsoffin@milberg.com
Email: rbusch@milberg.com



Nick Suciu III (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
Email: nsuciu@milberg.com

Martha Geer (*pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 West Morgan Street
Raleigh, NC 27603
Tel: (919) 600-5000
Email: mgeer@milberg.com
Email: eruben@milberg.com

*Attorneys for Plaintiffs
and the Classes*

OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Case No. 3:21-cv-00137-JES-AHG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on February 5, 2025 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Trenton R. Kashima*
Trenton R. Kashima
