| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Lawrence E. Butler (SBN 111043) |
|   | lbutler@seyfarth.com |
| 3 | Giovanna A. Ferrari (SBN 229871) |
|   | gferrari@seyfarth.com |
| 4 | 560 Mission Street, 31st Floor |
|   | San Francisco, California 94105 |
| 5 | Telephone: (415) 397-2823 |
|   | Facsimile: (415) 397-8549 |
| 6 | SEYFARTH SHAW LLP |
| 7 | Joseph J. Orzano (SBN 262040) |
|   | jorzano@seyfarth.com |
| 8 | Seaport East, Suite 1200 |
|   | Two Seaport Lane |
| 9 | Boston, MA 02210 |
|   | Telephone: (617) 946-4800 |
|   | Facsimile: (617) 946-4801 |

SEYFARTH SHAW LLP
Aaron Belzer (SBN 238901)
abelzer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3201
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
PHARMACARE U.S., INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT, DAMARIS LUCIANO, and ROB DOBBS individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:21-cv-00137-JES-AHG<br><br>**DEFENDANT PHARMACARE U.S., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO RETAX COSTS**<br><br>Date: September 24, 2025<br>Time: 11:00 a.m.<br>Ctrm: 4B<br>Judge: Hon. James E. Simmons, Jr. |

1

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RETAX COSTS; CASE NO. 3:21-cv-00137-JES-AHG

Defendant PharmaCare U.S., Inc. ("PharmaCare") hereby submits it Opposition to Plaintiffs' Motion to Retax Costs.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. NONE OF THE DEPOSITION COSTS SHOULD BE ALLOCATED BETWEEN THIS CASE AND THE SUNDERLAND CASE

Plaintiffs' attempt to allocate deposition costs incurred by Defendant in this matter to the *Sunderland et al. v. Pharmacare, U.S., Inc.* ("Sunderland matter") is misguided and wrong. All of the deposition costs submitted by Defendant were incurred long before it stipulated, and this Court ordered, that certain discovery undertaken in this case could be used in the Sunderland matter. *See* Sunderland matter ECF Nos. 52, 53, 58, and 59. Those stipulations and orders were executed in May 2024 and August 2024, some six to eight months after the last recoverable costs was incurred in this case. *See* below chart. Indeed, most of the costs Defendant seeks were incurred even before the Sunderland Complaint was filed on July 18, 2023. *See* ECF No. 1 in the Sunderland matter.

In any event, the Stipulations were not intended to split costs between the two cases, but were intended to reduce costs incurred in the Sunderland matter by not duplicating work already done in this matter. Neither Defendant nor Plaintiffs referenced any costs sharing in those Stipulations reflecting that neither party intended for those stipulations to be cost sharing agreements. The mere fact that the parties stipulated that the depositions taken in this matter could be used in the Sunderland matter does not retroactively transform Corbett costs into shared costs or expenses. As a matter of contract law, the Court cannot read into the unambiguous Stipulations some sort of cost sharing language that is nowhere mentioned. The Stipulations were intended to streamline discovery in the Sunderland matter not to alter cost recovery rights. Indeed, unlike the cases on which Plaintiffs rely, the depositions here were not part of a consolidated or multi-district litigation, and there was no joint cost structure, no shared discovery plan, and no agreement to split expenses. Importantly, Defendant does not have receipts for the deposition costs on its Sunderland matter bills because the costs were incurred in this matter. If the Court does not tax the Corbett deposition costs, and

Defendant prevails in the Sunderland matter, it will not seek Corbett deposition costs listed below in the Sunderland matter (thereby eliminating the risk of double recovery).

| Date | Description | Total Cost Claimed by Defendant | Costs That Should be Allocated |
|---|---|---|---|
| 1/10/2023 | Arthur Rowe-Cerveny Deposition Transcript (30(b)(6) Witness) | $2,158.15 | $0 |
| 1/11/2023 | Adeline Lam Deposition Transcript | $700.40 | $0 |
| 1/12/2023 | Maria Paulino Deposition Transcript | $699.25 | $0 |
| 4/27/2023 | Arthur Rowe-Cerveny Deposition Transcript | $1,111.25 | $0 |
| 5/25/2023[1] | Service of Subpoena to Testify at Deposition in Civil Action on NIS Labs | $304.00 | $0 |
| 5/25/2023 | Service of Subpoena to Produce Documents, Information on NIS Labs | $111.00 | $0 |
| 8/17/2023 | Keith Ugone Ph.D. Deposition Transcript | $2,856.60 | $0 |
| 8/22/2023 | Ronald Wilcox, Ph.D. Deposition Transcript | $852.75 | $0 |
| 11/20/2023 | Service of Subpoena to Testify at Deposition in Civil Action on NIS Labs | $476.00 | $0 |

---

[1] The subpoenas in this chart are related to deposition and document subpoenas to NIS Labs in advance of the NIS Labs deposition; nothing in the Stipulations addresses cost sharing for subpoenas.

| 12/12/2023 | NIS Labs PMK Gitte Jensen, Ph.D. Deposition Transcript | $3,541.00 | $0 |

As such, this Court should award Defendant its full costs in the amount of $25,388.28.

## II. CONCLUSION

For the reasons stated herein, this Court should deny Plaintiffs' motion and award costs to Defendant in the full amount sought.

DATED: August 26, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Aaron Belzer
Lawrence E. Butler
Giovanna A. Ferrari
Joseph J. Orzano
Aaron Belzer
Attorneys for Defendant
PharmaCare U.S., Inc.

319990415v.1