UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIQUENO CORBETT and ROB DOBBS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>Defendant. | Case No.: 3:21-cv-00137-JES-AHG<br><br>**AMENDED ORDER AWARDING BILL OF COSTS TO DEFENDANT**<br><br>**[ECF No. 282]** |

Pending before the Court is Plaintiffs' Motion to Retax Costs. ECF No. 282. Defendants filed an opposition. ECF No. 283. Plaintiffs filed a reply. ECF No. 284. On September 24, 2025, the Court held oral arguments and took the matter under submission. ECF No. 290.

Plaintiffs argue that costs should be allocated between this matter and the related case *Sunderland v. PharmaCare U.S., Inc.*, No. 3:23-cv-01318-JES-AHG ("*Sunderland*"). Plaintiffs' argument is partially premised on an agreement by the parties submitted to the Court on May 20, 2024, in which the parties agreed that certain depositions in this matter could be used in the *Sunderland* case, specifically that Plaintiffs could use the depositions of Defendant and its employees taken in this matter and that Defendant could use the

deposition of NIS taken in this matter. *Sunderland*, ECF No. 52. Defendant counters that the parties never agreed to allocate costs between the two cases.

Further, Plaintiffs cite three cases to support their argument, *Winter v. Novartis Pharms., Corp.*, 739 F.3d 405 (8th Cir. 2014), *Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353 (Fed. Cir. 2009) and *Camarillo v. Pabey*, No. 2:05-CV-455 PS, 2007 WL 3102144 (N.D. Ind. Oct. 22, 2007). The *Winter* case allocated costs between cases because it was one of 650 cases in multidistrict litigation that was only consolidated for pre-trial proceedings and discovery. *Winter*, 739 F.3d at 411-12. The *Ortho-McNeil Pharm., Inc.* case allocated costs between cases because it was one case conducting joint discovery in multiple cases pending in different districts. *Ortho-McNeil Pharm., Inc.*, 569 F.3d at 1357-58. The *Camarillo* case allocated the proportionate costs requested by Defendants of 32 witness depositions since many of the witnesses were also relevant to some of the other cases against the Defendants. *Camarillo*, 2007 WL 3102144, at *3. In each of these cases the court was concerned with double recovery and a potential windfall if the Defendants later sought recovery in full in another case.

Here, both cases are being adjudicated in this district and both are before this Court. The Court notes that the *Sunderland* case was filed on July 18, 2023, and the discovery stipulation was entered on May 20, 2024. *Sunderland*, ECF Nos. 1, 52. The Court has reviewed the record in this case, including the excerpts of the deposition transcripts of Arthur Rowe-Cerveny, Adeline Lam, Maria Paulino, Dr. Keith Ugone and Professor Ronald T. Wilcox. Further, the Court notes that all of the requested costs were incurred in this case prior to the stipulation in *Sunderland*. The cases Plaintiffs cited above all were concerned about double recovery or a potential windfall, because there were multiple cases before different judicial officers and in different districts. That is not the case here. The Court acknowledges that some of the depositions are relevant in both cases, but considering that all of the costs were incurred prior to the stipulation being reached and the fact that this Court will ensure that no double recovery or windfall occurs, the Court **ORDERS**

1  $25,388.28 in costs to Defendant PharmaCare U.S, Inc. The Court will not award any of
2  the requested costs in this case in the *Sunderland* case.
3       **IT IS SO ORDERED.**
4
5  Dated: November 10, 2025

                                              Honorable James E. Simmons Jr.
                                              United States District Judge